Arvid E. Anderson and William H. Lacey, Appellants, v. George Leland Seaton, Gordon Aller, D. L. Brown, A. F. Stephenson and J. N. Stanbery, individually and as Trustees of the Illinois Bell Telephone Company, Appellees.

Gen. No. 47,042.

First District, Third Division.

May 15, 1957.

Released for publication June 26, 1957.

53

Edwin R. Hackett and Richard W. Proctor, of Chicago, for appellants.

Kenneth F. Burgess, Douglas F. Smith, and Arthur R. Seder, Jr. (Sidley, Austin, Burgess & Smith, of Chicago, of counsel) for appellees.

PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

Plaintiffs appeal from a decree dismissing their complaint for want of equity.

Plaintiff Anderson became a retired employee of defendant Illinois Bell Telephone Company on April 30, 1948, and plaintiff Lacey likewise became a retired employee on September 30, 1949. They seek by their complaint, on behalf of themselves and all other employees similarly situated, a construction of the pension plan of the Illinois Bell Telephone Company; that their rights under said pension plan be determined and the duties of the individual defendants as trustees of the pension fund, who are referred to as the "Employees' Benefit Committee," be defined, and they be instructed as to their duties; that said defendants be required to restore to plaintiffs and all other persons in like situation the full amount of their pension payments as vested; and that said defendants and trustees be required to restore to each pensioner the amounts by which his payments have been diminished by deduction made by defendants for Social Security benefits received by said pensioners.

The pension plan in question, with its comprehensive provisions, was thoroughly analyzed by the District Court for the Northern District of Illinois in Hurd v. Illinois Bell Telephone Co., 136 F. Supp. 125, affirmed 234 F.2d 942. In the interest of brevity we refer to the opinion of the District Court, which makes detailed reference to the various provisions of the plan. We shall only refer to such provisions of the plan which have a material bearing on the questions involved upon this appeal.

The cause was heard upon a stipulation of facts. From this stipulation it appears that the pension plan was originally adopted January 1, 1913. It provided for a committee of five, appointed by the Board of Directors of the Bell Telephone Company (for convenience hereinafter referred to as "Bell"), and designated as the "Employees' Benefit Committee," charged with the administration of the plan. The powers of the committee were defined by the plan. The individual defendants presently compose the committee, the membership of which from time to time had changed since the plan was adopted.

From May, 1914, to January 1, 1940, Section 8 (27) of the plan provided as follows:

"In case any benefit or pension shall be payable under the laws now in force or hereafter enacted of any State or Country to any employee of the Company or his beneficiaries under such laws, the excess only, if any, of the amount prescribed in these Regulations above the amount of such benefit or pension prescribed by law shall be the benefit or pension payable under these Regulations, . . . ."

It was stipulated that the purpose of the above quoted provision was to avoid duplication of payments under Bell's pension plan and those to be made under the laws of any state or country. Section 8 (27) remained in effect until amended on January 1, 1940,

55

which amendment appears in the record as Section 8 (28) of the plan. The effect of this amendment was to liberalize the rights of pensioners. Instead of a total deduction for benefits received by pensioners under any Social Security, old age pension or like regulations, as provided under Section 8 (27), the amendment provided for a deduction of only one-half of such benefits received by pensioners. To that extent pensioners were benefited by the amendment referred to.

Section 8 (28) contained the further provision:

"This Paragraph 28 shall be effective only while the Act entitled 'Social Security Act Amendments of 1939' shall remain in effect unchanged."

Section 8 (28) was again amended, effective November 16, 1949. The effective date was after plaintiffs were retired as employees and were qualified as pensioners. It is this amendment which is the subject of complaint by plaintiffs.

In 1950 Congress amended the Social Security Act, effective September 1, 1950, which increased the Social Security benefit and increased the tax contribution to be made by the employer and employee. However, the increased tax rate was divided equally between the employer and employee. This new enactment by Congress automatically terminated the amendment of January 1, 1940, to the Bell pension plan, because of the provision: "This Paragraph 28 shall be effective only while the Act entitled 'Social Security Act Amendments of 1939' shall remain in effect unchanged." Thus, without the amendment of November 16, 1949, the status of plaintiffs would have reverted back to the original provision of the plan embodied in Section 8 (27) which provided for a total deduction of the benefits received instead of one-half.

█ It is obvious that it was for the protection of plaintiffs the amendment of November 16, 1949, was

56

adopted, and we do not see how plaintiffs can complain. Hurd v. Illinois Bell Telephone Co., 136 F. Supp. 125, at p. 144. It was there further pointed out by the District Court that an employee who accepts a pension offer, by working for the prescribed period of time, "must be held to have accepted the offer subject to its express conditions," and that "if one of those conditions is that upon the happening of certain contingencies the pension will be modified or reduced after retirement, it is a valid and binding provision." In affirming, the Court of Appeals, 234 F.2d, at p. 946, said:

"Such an employee receives only a right to receive a monthly pension, not in a specified amount, but in an amount computed in accord with the provisions and conditions of the whole contract."

█ Furthermore, the original plan enumerated the specific duties and powers of the Benefit Committee, charged with the administration of the plan. Section 3 (3) of the plan provided:

"It shall determine conclusively for all parties all questions arising in the administration of the Plan."

The binding force of such a provision upon the parties has been upheld in Menke v. Thompson, 140 F.2d 786, 791, where it was said:

". . . The authorities are uniform in holding in cases of this character that the decision of the administrative board, where the pension plan so provides, is conclusive upon the rights of an employee in the absence of fraud or arbitrary action. . . . The stipulations in pension plans for the decision of questions arising on the rights of employees to receive pensions are not unlike those often found in construction contracts, making an engineer or architect the final arbiter of disputes arising between the parties. Such stipulations are universally upheld."

57

In United States v. Wunderlich, 342 U. S. 98, the contract provided that the decision of the department head in case of disputes "shall be final and conclusive upon the parties thereto." The court held, as to that provision, that the decision of the department head is final in the absence of fraud or such gross mistake as would necessarily imply bad faith or a failure to exercise honest judgment.

The only relevant additional provision in the amendment of November 16, 1949, reads:

"In the event the Social Security Act is amended to provide for tax contributions which are different in rate as between employer and employees, the adjustment provided for in this Paragraph 28 shall be changed with respect to a benefit or pension granted thereafter by substituting for 'one-half' in the computation of such adjustment the ratio which the Company's rate of tax contribution bears to the combined rate of tax imposed upon employer and employees."

The division of contribution by employer and employee not having been changed by the Social Security enactment effective September 1, 1950, this amendment did not result in reducing the pension payments to plaintiffs.

It is conceded by all of the parties to this appeal that, until the employees qualified under the plan as pensioners, they had no vested interest in the fund for the obvious reason that the fund exists entirely by contributions by Bell. None of the employees contributed anything to this fund. It is clear to us that the rights of the employees of Bell, so far as pension payments are concerned, are subject to the provisions of the pension plan, and their rights as pensioners must be determined by those provisions. Hurd v. Illinois Bell Telephone Co., supra.

The power to amend the plan is found in Section 10 of the plan, which provides that the Benefit Committee,

with the consent of the president and subject to the approval of the Board of Directors, may make changes in the plan, and the company may terminate the plan, "but such changes or termination shall not affect the rights of any employee, without his consent, to any benefit or pension to which he may have previously become entitled hereunder." As already pointed out, the 1949 amendment did not affect the rights of plaintiffs but instead protected them.

The District Court and the Court of Appeals in the Hurd case, supra, determined that the amendments to the plan referred to and the deductions made pursuant thereto from the pension payments were valid and did not infringe upon any rights of the pensioners. Though the decision in the Hurd case is not binding upon us (Lewis v. Braun, 356 Ill. 467), we are persuaded by the reasoning therein.

The decree appealed from is correct, and accordingly it is affirmed.

Affirmed.

KILEY, J., concurs.

LEWE, J., took no part.