Hazel Di Franco RENOIS, Plaintiff-Respondent,

v.

Michael Thomas Di FRANCO, Defendant-Appellant.

No. 35162.

Missouri Court of Appeals, St. Louis District, Division One.

July 23, 1974.

412

Dempsey, Dempsey & McCarthy, Clayton, for defendant-appellant.

Carter, Brinker & Doyen, Paul E. Kovacs, Clayton, for plaintiff-respondent.

DOWD, Chief Judge.

An action to recover upon a stipulation agreement entered pursuant to a divorce decree. The defendant appeals from a summary judgment in favor of plaintiff.

The plaintiff was granted a divorce from the defendant on April 11, 1966. In anticipation of the divorce, the plaintiff and defendant had entered into a "stipulation and agreement" which provided for, among other matters, the disposition of certain real property. The plaintiff brought this action alleging that the defendant breached the section dealing with real property which reads in part:

> Second Party [Defendant here], immediately following the execution of this Stipulation, will execute, or join in the execution, of such deed, or deeds, as may be required to be executed for the purpose of constituting First Party [Plaintiff here] sole owner of said within described residence property, and, in order to make such transfer of title to First Party meaningful, expressly covenants and agrees to pay all installments and interest on said Deed of Trust indebtedness, or of [sic] any extension or renewal thereof, as the same mature and become due and payable to the holder of the note, or notes thus secured.

The plaintiff's petition alleges that the defendant continued to pay the indebtedness as payments became due on the Deed of Trust until April 1, 1971, at which time defendant refused to pay the installment and interest then due. The indebtedness then due was $12,834.05 in principal and interest;[1] and the plaintiff was forced, by the defendant's failure to pay this indebtedness, to obtain a loan to save the house from foreclosure.

The defendant's answer contained the following assertions: (1) the holder of the Deed of Trust declared the entire principal balance due and payable on March 1, 1971, and defendant was not obligated to pay the principal balance but only installments and interest; (2) he and plaintiff were mutually mistaken at the time they entered into the agreement as to the manner of pay off of the outstanding promissory note; (3) he was coerced into entering into the agreement; (4) since the plaintiff has remarried, he is no longer obligated to make payments on the Deed of Trust in that said payments constitute alimony; and, (5) the agreement is contrary to public policy in that it requires him to support plaintiff's new husband.

Plaintiff then filed a motion for summary judgment, supported by affidavit. The affidavit recited substantially the same allegations raised in her petition. Defendant then filed a counter-affidavit in opposition to plaintiff's affidavit in support of her motion for summary judgment. Defendant's affidavit substantially repeated the assertions of his answer. The court granted the plaintiff's motion and entered judgment for plaintiff in the sum of $12,770.20 plus $1277.00 interest and costs. Defendant appeals.

The only issue presented to us is whether the granting of summary judgment was proper. Summary judgment shall be rendered if the pleadings, depositions, and admissions on file, together with the affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 74.04(c), V.A.M.R.; Universal Printing Co. v. Sayre and Fisher Co., 501 S.W.2d 180 (Mo.App.1973). When the meaning of a contract is so apparent that it may be gleaned from the face of the instrument, then granting summary judgment may be a proper procedure in an action based on the contract. National Mer-

---

1. This installment was the principal balance which was declared due by the holder of the Deed of Trust.

chandising Corp. v. McAlpin, 440 S.W.2d 489, 494 (Mo.App.1969). A summary judgment may be granted where no facts are in issue but the application of the remedy depends on the construction of an ordinance or a statutory term. Ludwigs v. City of Kansas City, 487 S.W.2d 519, 522 (Mo. 1972). Summary judgment has also been held proper where the only issue was whether defendant was prevented from performance by a "strike" within the meaning of a contract between the parties. Kuhlman Plastics Co. v. Kansas City Power & Light Co., 400 S.W.2d 409 (Mo.1966). Likewise summary judgment has been held proper where the only issue was whether plaintiff's injuries occurred within the scope of the Workmen's Compensation Act. Lampkin v. Harzfeld's, 407 S.W.2d 894 (Mo.1966).

The only issue here is whether defendant's affidavit in opposition to the motion for summary judgment raised a genuine issue of material fact. There is no conflict in the facts of the case. Defendant admitted that he made payments pursuant to the agreement for a period of five years. The only real dispute is whether defendant is liable for the balloon-type payment demanded by the holder of the Deed of Trust.

The defendant argues that the allegations of his affidavit in opposition to the motion for summary judgment raise a genuine issue of material fact. We cannot agree.

■ Defendant's first contention is that the terms of the stipulation obligate him to only pay "installments and interest" and not to pay any "principal balance". This is contrary to the plain meaning of the stipulation. We believe the stipulation is clear and unambiguous and requires defendant:

to pay all installments and interest on said Deed of Trust indebtedness, or of [sic] any extension or renewal thereof, as the same mature and become due and

payable to the holder of the note, or notes thus secured.

The fact that a larger payment of principal became due cannot change defendant's obligation to pay. When a contract is clear and unambiguous, the construction to be given is determined by the trial court. Thurman v. K. L. Koenig Realty Co., 423 S.W.2d 196 (Mo.App.1967). The construction of the stipulation was properly for the trial court and defendant's contention raised no issue for trial.

■ Defendant's next assertion is that the payments under the stipulation are in the nature of alimony and that he should be relieved of paying them since plaintiff is remarried. This assertion is without merit. The stipulation dealt with alimony in a separate specific section. No additional facts or arguments are necessary to dispose of this point.

■ Defendant's contention that the installment payments are contrary to public policy states a mere conclusion and sets forth no genuine issue for trial. Rule 74.-04(e). Likewise, no issue is presented by defendant's claim of coercion, since it comes too late. The defendant may not now avoid the contract after five years, in which time he had an opportunity to reflect and deliberate but made no complaint of fraud or duress in its procurement. Koenig v. Koenig, 191 S.W.2d 269 (Mo. App.1945).

■ Defendant's allegation of mutual mistake is similarly without merit. By the plain terms of his contract, defendant obligated himself to pay "all installments" on the note and deed of trust indebtedness "as the same mature and became due and payable to the holder of the note. . . ." The final "installment" on the principal indebtedness amounted to $12,770.20; defendant did not pay it. The deed of trust and note were not introduced and do not appear in the record. The reason why the final payment was due is immaterial. An installment of $12,770.20 plus interest be-

came "due and payable" and defendant's contract required him to pay it.

Furthermore, the allegation of mistake is not supported by facts as required by Rule 74.04(e). That Rule provides that "facts" must be stated. Kroh Brothers Dev. Co. v. State Line Eighty-nine, Inc., 506 S.W.2d 4, 12 (Mo.App.1974). No facts were stated as to whether any alleged "mistake" was in the integration or formation of the contract. In this posture, the defendant-appellant has failed to comply with Rule 74.-04(e), and hence we cannot say that the trial court was clearly erroneous in rendering summary judgment in favor of the plaintiff.

Therefore, summary judgment was properly granted. Judgment affirmed.

WEIER and GUNN, JJ., concur.