**IRA E. BERRY, INC., Appellant,**

v.

**AMERICAN STATES INSURANCE COMPANY, Respondent.**

No. 39256.

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 28, 1978.

Love, Lacks & McMahon, Thomas K. Edelmann, Clayton, for appellant.

William F. James, St. Louis, for respondent.

CLEMENS, Presiding Judge.

By this action plaintiff (hereafter "Berry"), sought to recover money from its liability insurer which Berry had paid in its unsuccessful defense of a damage suit based on Berry's fraud. Berry contended that by defendant's policy it was obliged to defend the action against it and to pay its loss. Defendant contended the loss was for fraud, expressly excluded from coverage. The trial court agreed and rendered summary judgment against Berry, from which Berry has appealed. We affirm.

By its policy, known as a Real Estate Agents' Errors and Omissions Policy, defendant agreed "to pay on behalf of the insured [Berry] all sums which the insured shall become legally obligated to pay on account of any claim made against the insured and caused by any negligent act . . . in the conduct of their business as real estate agents."

During the policy period a suit was instituted against Berry by James B. and Judith A. Hutchings. Their petition alleged Berry had "falsely and fraudulently" made representations to them regarding real property

they had purchased through Berry. Berry requested defendant to defend it pursuant to the policy provisions. Defendant refused to defend, claiming Berry was not afforded coverage for the fraudulent acts the Hutchings alleged. Defendant relied on a policy provision that excluded from coverage "any dishonest, fraudulent, criminal or malicious act, libel or slander." Ultimately, Berry settled with and paid the Hutchings.

Berry then sued defendant-insurer to recover the sums it had paid the Hutchings. Defendant answered and moved for summary judgment. Berry filed an affidavit in opposition admitting the Hutchings' petition was grounded on fraud but further asserted that the conduct which gave rise to the Hutchings' action was negligent rather than fraudulent. The trial court then sustained defendant's motion and rendered summary judgment against Berry.

Berry contends the trial court erred in granting summary judgment because the facts concerning its conduct giving rise to the Hutchings' action were in dispute, citing Rule 74.04(d) and *Hurwitz v. Kohm*, 516 S.W.2d 33[3] (Mo.App.1974).

■ For the purpose of avoiding summary judgment, a genuine issue of facts exists whenever there is doubt as to the facts. *Seliga Shoe Stores, Inc. v. City of Maplewood*, 558 S.W.2d 328[2] (Mo.App. 1977). The undisputed facts here: (1) Defendant had insured Berry for loss resulting from negligence but not fraudulence, (2) the Hutchings' petition stated a cause of action based on fraud and (3) the Hutchings' action against Berry was settled without a judicial determination that Berry was liable for either fraud or negligence. Berry's affidavit in opposition to defendant's motion for summary judgment did not allege "such facts as would be admissible in evidence," (Rule 74.04(e)). In other words, Berry did not specify the acts which were allegedly negligent. Plaintiff merely stated that it "intended" to prove these facts at some future time. A party cannot argue that he has evidence for trial that will disclose issues of fact. *Hurwitz, supra*. Under these circumstances, Berry failed to comply with Rule 74.04(e) and we cannot say the trial court erred in granting defendant's motion for summary judgment. *Renois v. DiFranco*, 512 S.W.2d 411[3] (Mo. App.1974).

■ Furthermore, the sole issue of Berry's present action is whether the provisions of defendant's policy provided coverage. A liability insurer's duty to defend and to pay is determined by its policy and the allegations of the insured's petition. *Zipkin v. Freeman*, 436 S.W.2d 753[1] (Mo. 1968). Summary judgment is proper where the issue to be resolved is the construction of a contract which is unequivocal on its face. *Adzick v. Chulick*, 512 S.W.2d 194[2] (Mo.App.1974); *Renois, supra*, at 413[2]. As noted, Berry admitted the Hutchings' action against it was grounded on fraud. The insurance policy clearly excludes fraud and summary judgment was proper.

Berry mistakenly contends the facts giving rise to the Hutchings' petition are material to its cause of action against defendant, which is based on its insurance contract. The facts of the Hutchings' cause of action are not in issue here because plaintiff settled that case. Thus, no judicial determination regarding the facts in that case were made. For us to determine what the facts *might have been* and whether these facts constituted fraud or negligence, would be to rule on the merits of the Hutchings' case without a trial on their petition.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.