Betty L. CORNWELL,
Petitioner-Appellant,

v.

Kenneth ZIEBER and Shirley Zieber,
Defendants-Respondents.

No. WD 30624.

Missouri Court of Appeals,
Western District.

April 7, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 5, 1980.

Richard L. Colbert, North, Colbert & Fields, Kansas City, for plaintiff-appellant.

Robert P. Gingrich, Jr., Kodas, Reed, Gingrich & McFadden, P.C., Kansas City, for defendants-respondents.

Before TURNAGE, P. J., and SHANG-LER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Betty Cornwell brought suit for specific performance of a real estate contract. She appeals from a summary judgment entered against her. On this appeal she contends the court erred in entering summary judgment because a release signed by her was not valid or binding; the release was not supported by consideration; and the release was signed because of a mutual mistake of fact. Affirmed.

On April 18, 1978, Kenneth Zieber and his wife Shirley entered into a real estate contract whereby they agreed to sell a lot upon which a house was located to Cornwell. The contract contained a number of paragraphs in printing under the general heading of "Financing Agreements." One of the paragraphs provided the contract was made subject to the buyer's ability to obtain a loan. Blanks in the printed paragraph provided space for the amount of the loan, the interest rate and the time within which the loan would be obtained to be inserted. The last sentence of this paragraph read: "If the buyer is unable to obtain such loan within __ days hereof, then this contract shall be null and void and the earnest money deposited shall be returned to the buyer." The blank for the number of days within which the loan was to be obtained was completed by inserting "60." A later paragraph provided for the closing of the sale with blanks left for the place and date on which the closing was to take place. The blanks were filled in to provide the sale would be closed on June 1, 1978, at 2:00 P.M.

It is apparent there is an inconsistency between the provision which allowed the buyer 60 days from April 18 to obtain a loan and the provision that the sale would be closed on June 1, a time less than 60 days from the date of the contract.

Cornwell filed a petition for specific performance of the contract and attached a copy thereof and made it a part of the petition. The petition alleged a $100 downpayment had been paid, that Cornwell had obtained a commitment for a loan on June 2, 1978, consistent with the contract provision allowing her to obtain financing, but that the Ziebers had refused to accept payment of the contract or to perform the same.

The Ziebers responded by filing a motion to dismiss upon the grounds the petition failed to state a claim upon which relief could be granted. Suggestions filed in support of the motion revealed the Ziebers' position to be that the contract provided the

sale was to be closed on June 1, at 2:00 P.M., and since Cornwell did not allege she had obtained financing until June 2, she was in default for failure to close on the day specified.

Thereafter, the Ziebers filed a request for admissions and attached thereto Exhibit A. Exhibit A read as follows:

### RELEASE

We, the buyer and sellers of the property located at 11804 Fuller, Kansas City, Missouri, hereby release each other and Peoples Choice Realty, Inc. from any further liability on the contract dated April 18, 1978, on the above property.

The sellers hereby authorize Peoples Choice Realty, Inc. to release the $100.00 earnest deposit to the buyer and buyer hereby acknowledges receipt of the $100.00 earnest deposit, and contract is hereby null and void.

| /s/ Betty L. Cornwell | /s/ Kenneth E. Zieber |
|---|---|
| Betty L. Cornwell | Kenneth E. Zieber |
| | /s/ Shirley Zieber |
| | Shirley Zieber |
| 6/16/78 | 6/5/78 |
| Date | Date |

The request was for Cornwell to admit that Exhibit A was a photocopy of an original document identical to the copy attached and that the signature of Cornwell appears on the original copy. The request further requested that Cornwell admit that she, as the plaintiff in the suit against the Ziebers, was the same person who signed Exhibit A. It further called for her to admit that she had received a $100 check from Peoples Choice Realty, Inc., the real estate agent involved in the contract, and had cashed the same. In response to the request for admissions, Cornwell admitted that her signature appeared on the original copy of Exhibit A and that she is the same person as the plaintiff in the pending lawsuit. Cornwell also admitted all other requests.

After the admissions were filed by Cornwell, the Ziebers filed a motion for summary judgment and the court sustained such motion.

■ Cornwell now contends the document entitled "Release" was not valid nor legally binding and argues the writing is too scant and the parties are designated in an unusual manner. It is well settled that no particular form of words is required to constitute a contract, but all that is required is a manifestation of the intentions of the parties. *Guhl v. Guhl*, 376 Ill. 100, 33 N.E.2d 185, 189[7–10] (1941). Here the writing is sufficient to express the intent of the parties that they were releasing each other and Peoples Choice Realty from any further liability on the contract dated April 18, and the Ziebers were authorizing the real estate agent to release the downpayment to Cornwell and that the contract was considered to be null and void. Cornwell does not point out any specific insufficiency of the writing. The writing set out above as Exhibit A was sufficient to constitute an agreement between the parties.

Before taking up the remaining points, additional facts must be noted. The Ziebers filed affidavits in support of their motion for summary judgment executed by Sandra Christian, the office manager of Peoples Choice Realty, Inc., and the Ziebers. All of these affidavits stated the release had been executed by all the parties and the affidavit of Christian stated that she had given Cornwell a check in the amount of $100 drawn on the Realty Company on June 10, and that such check had been negotiated by Cornwell and had been paid by the bank on which it was drawn. Cornwell did not file any affidavits nor suggest to the court that any facts were in dispute. "Summary judgment is proper where the issue to be resolved is the construction of a contract which is unequivocal on its face." *Ira E. Berry, Inc. v. American States Ins. Co.*, 563 S.W.2d 514, 516[5, 6] (Mo.App.1978). Also, if "the proof of release was 'altogether of a documentary nature and the authenticity and correctness of the documents are unquestioned,' *Fulton v. Bailey*, supra, the issue is one of law for the court and not the jury." *Scott v. Thornton*, 484 S.W.2d 312, 314[2–4] (Mo.1972). Cornwell admitted she signed the release and raised no question of fact concerning its content or execution. This meant there was only an issue of law for the court of whether the release defeated the action for specific performance.

 Further, the court had before it the original contract and the subsequent contract headed "Release." The words in both agreements are plain and the meaning of such words are generally understood. In this circumstance the construction of the two agreements was for the court and not a jury. *O'Donnell v. Epstein*, 280 S.W.2d 462, 465[2] (Mo.App.1955).

To avoid summary judgment a genuine issue of fact must appear. *Berry, supra*, at 516[1–4]. Here there is no dispute of fact but only a dispute as to the continued viability of the contract after the stated closing date of June 1, and the construction of the agreement headed "Release." Thus, summary judgment was the proper method to resolve the dispute. The only remaining question is whether judgment should have gone in favor of the Ziebers.

Cornwell's remaining arguments are pitched in the alternative. On the one hand she contends that if the contract became void because it was not closed on June 1, then she was entitled to the $100 downpayment and the return of this money to her did not furnish any consideration for the execution of the release. On the other hand, she contends if the contract was not void because she had 60 days in which to obtain a loan and actually obtained one within that time, then she executed the release under a mistake of fact as to whether the contract was void or not.

It is not necessary to decide whether the contract remained in force after June 1 because if the contract was not in effect after that date Cornwell had no cause of action and could not recover. If the contract was effective after June 1, it was proper for the parties to agree that the contract would be null and void. "Consideration is to be found in the mutual release by each of the parties of all rights arising out of the contract. Each side gave up valuable rights and was exonerated from the performance of definite legal obligations." *Tilton v. Woods*, 371 S.W.2d 291, 298[5] (Mo.1963). The release was supported by a valid consideration when Cornwell and the Ziebers each gave up all rights under the contract.

Cornwell filed no verified denial of the facts stated in the affidavits and, in fact, admitted the execution of the release. In that circumstance all of these facts stood admitted for the purpose of the motion for summary judgment. *Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75[1] (Mo. banc 1978). Cornwell was obligated to set forth specific facts to the trial court by affidavit or otherwise as provided in Rule 74.04 to show there was a genuine issue for trial, and failing to do so, summary judgment could be entered against her, if appropriate. *Cherry v. City of Hayti Heights, supra*. Without any suggestion to the trial court that Cornwell executed the release under a mistake of fact, the court was correct in finding the parties had rescinded the contract by executing the release. Summary judgment in favor of the Ziebers was therefore proper.

The judgment is affirmed.

All concur.