**William C. LOOMIS, Appellant,**

v.

**GREYHOUND RETIREMENT· & DIS-ABILITY TRUST, Respondent.**

**No. 32196.**

Missouri Court of Appeals,
Western District.

Jan. 19, 1982.

Roy W. Brown, Kansas City, for appellant.

Leonard Singer and Robert B. Best, Jr., Kansas City, for respondent.

Before SOMERVILLE, C. J., Presiding, and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Plaintiff's petition is for the review of defendant's board of trustees' decision denying him disability benefits under a disability pension plan between Greyhound Lines, Inc. and the union of bus drivers of which plaintiff was a member. The material facts before the court come from the pleadings, affidavits, depositions and the Trust Plan, all supplied by defendant in support of its motion for summary judgment. The plaintiff did not provide the circuit court with anything other than rather summary suggestions in opposition to the motion, notwithstanding the burden placed upon him by Rule 74.04(e) in these circumstances. Thus, in the absence of any verified denial of the facts set forth in defendant's affidavit and depositions, those facts are deemed admitted for the purpose of summary judgment. *Burki v. Wiggs*, 550 S.W.2d 933, 935 (Mo.App.1977). *See also Phillips v. Atlantic Richfield Co., Inc.*, 605 S.W.2d 139, 141 (Mo.App.1979). Plaintiff could not rest on his pleadings when defendant's motion for summary judgment, supported by sworn evidence, negated the material facts needed to be proven to make plaintiff's case. *Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75 (Mo.1978); *Cornwell v. Zieber*, 599 S.W.2d 22, 25 (Mo.App. 1980).

The facts disclose that defendant was to administer a trust plan and have the power to determine the eligibility of an employee for a disability pension to which the employee would be entitled if he became disabled as a result of an accident which occurred on the job. The trustees were composed of two units, containing equal numbers of company and union representatives. Their determination regarding the grant or denial of an employee's disability pension, when reached by a concurring vote of the two units, was to "be final and binding upon all interested parties."

Loomis made application for benefits in May, 1975 for a disability that arose out of an incident on October 4, 1973, while he was putting a suitcase on a bus. Loomis' claim was heard by a sub-committee of the trustees in February, 1976, and was denied because of insufficient evidence. The sub-committee's action was later affirmed by the decision of all the trustees of both units. The evidence presented to the trustees was that Loomis worked for nearly 10 days after the alleged accident, not missing a day of work. He was admitted to the hospital on October 16, 1973, where he stated to the admitting nurse that he had suffered back problems for several years. The physician who performed back surgery on Loomis noted that as of December 3, 1974, he was released to handle his regular duties as a driver. Greyhound's physician also said Loomis' physical condition as of December 18, 1974 would allow him to return to work. In another proceeding, Loomis was denied social security benefits based on his alleged accident of October 4, 1973. This action followed.

Plaintiff's contention on appeal is that his petition alleged facts that in accordance with the Trust Plan he was disabled because of injuries suffered on the job, thus alleging the summary judgment to be improper. He further contends that the trial court should not have assumed that the action of trustees was final and binding. Although the trial court gave no reasons for sustaining defendant's motion, review on appeal is similar to review of a court-tried case, and if, as a matter of law, the judgment is sustainable on any theory, the trial court should be sustained. *Kaw Valley State Bank & Trust v. Commercial Bank of Liberty*, 567 S.W.2d 710 (Mo.App.1978).

"[R]eview of a summary judgment is a two step analysis; first, whether there is genuine issue of material fact requiring trial, and second, whether the prevailing party was entitled to judgment as a matter of law." *Kaufman v. Bormaster*, 599 S.W.2d

35 at 27. *See* Rule 74.04(c). Further, parties against whom the motion was granted must be accorded every favorable intendment of the record. *Thompson v. Parker*, 608 S.W.2d 415 (Mo.1980).

■ On the basis of the evidence supplied by defendant, it is this court's conclusion that the trial court had sufficient information before it to find that plaintiff's claim was finally adjudicated by the trustees. We should first note that the plan stated that the agreement was to be construed pursuant to Illinois law. Illinois cases hold that in an agreement between employee and company, wherein it is stated that the administrators named therein would have binding authority to make the final decision, their decision should be upheld absent a finding of fraud or arbitrary action. *Lehner v. Crane Co.*, 448 F.Supp. 1127, 1156[5] (E.D.Pa.) (applying Illinois law); *Anderson v. Seaton*, 14 Ill.App.2d 53, 143 N.E.2d 59 (1957). *See also United States v. Wunderlich*, 342 U.S. 98, 72 S.Ct. 154, 155, 96 L.Ed. 113 (1951). The same principle is followed in Missouri. In *Cooper v. Yellow Freight System, Inc.*, 589 S.W.2d 643, 644–645 (Mo.App.1979), a contract between company and union provided that the decision of a joint state grievance committee would be final and binding. The court ruled that the plaintiff-employee in that case was estopped from relitigating claims arising from facts determined by the above-mentioned grievance committee, and thus sustained a summary judgment against the employee. In doing so, the court cited to *Grubb v. Leroy L. Wade & Son, Inc.*, 384 S.W.2d 528 (Mo.1964), wherein this state's supreme court upheld the action of the grievance committee designed by the parties' contract to settle grievances, ruling that the decision of that unit was final and binding (per the contract). In both *Cooper* and *Grubb*, the courts noted that the plaintiffs made no response or verified denial to the affidavits and exhibits filed by the defendant in support of their motions for summary judgment.

■ In the present case, plaintiff provided the court with no facts to show that he was denied his claim because the defendant-trustees' decision arose out of fraud or arbitrary action. The trustees' decision must stand and the trial court was correct in sustaining the motion for summary judgment. Defendant cast no more light on the actual decision-making process of the trustees, as it merely presented an affidavit of a Union Trustee which stated that the board of trustees considered all of the information submitted to them in connection with plaintiff's claim. However, in this instance it was plaintiff's burden to at least show that there was some genuine issue of the fact as to bad faith by the trustees, and he totally failed to carry that burden. Finally, plaintiff's testimony in his deposition also negates any claim by him of fraud, arbitrariness or bad faith, as in the deposition the following questions and answers were made and given:

"Q. And, you have what amounts to an honest disagreement with the Pension Trustees, is that right?

A. That is right.

Q. And what we have here is an honest difference of opinion in light of the facts that were before the Trustees and in light of the facts known unto you, is that correct.

A. That is correct."

Even more telling is plaintiff's later statement that he merely disagreed with the opinion of the trustees. There is no evidence that the opinion resulted from fraud, bad faith or from being arbitrary.

Plaintiff's reliance on *Marsh v. Greyhound Lines*, 488 F.2d 278 (5th Cir. 1974) is misplaced. There, under Texas law, the court stated that bad faith could be determined by direct evidence and could also be inferred from an adverse ruling which has no basis in fact. In reversing a verdict in favor of the plaintiff-employee, the court stated that appellate inquiry as to the inference of bad faith is whether the evidence was such that reasonable men could conclude that the trustees acted in bad faith. The court found no such basis in that case and the facts here are similarly insufficient as to a showing of fraud or bad faith. *See*

*also Glover v. South Central Bell Telephone Co.*, 644 F.2d 1155 (5th Cir. 1981).

There being no genuine issue as to detract from the action of the trustees, their decision was final and binding and the trial court was correct in granting summary judgment.

Judgment affirmed.

All concur.