OPINION
BEVILACQUA, Chief Justice.
This is a civil action brought by Bertrand A. Lavergne, the plaintiff, to recover pension benefits from the New England Teamsters and Trucking Industry Pension Fund (pension fund).[1] The case was heard before a justice of the Superior Court sitting *1171 without a jury. The trial justice found for the defendant, and judgment was entered. The plaintiff appeals.
The facts are not in dispute as the parties have stipulated to an agreed statement of facts. On May 28, 1976, plaintiff became disabled as a result of a work-related injury. Prior to his disability, plaintiff had been employed by the Emluron Corporation of Woonsocket, Rhode Island, for a period of approximately twenty-three years. At the time of his disability, plaintiff was a member of a collective-bargaining unit at Emluron Corporation represented by Teamsters Union Local No. 64.
Pursuant to the provisions of the collective-bargaining agreement between Emlu-ron Corporation and Teamsters Local No. 64, the employer was required to make certain hourly contributions on behalf of its employees, including plaintiff, to the pension fund.
In accordance with the terms of the employee pension benefit plan, plaintiff filed an application for disability-pension benefits on May 17, 1977, approximately one year after his disability. As of the date of filing of this disability-pension application, plaintiff had accrued pension credits with the pension fund totalling twenty-three years and three months. On the basis of both this accumulated credit and the age of plaintiff, he was eligible to receive a monthly disability pension from the pension fund in the amount of $349.
At the time plaintiff filed for disability-pension benefits, he was receiving workers’ compensation benefits in the amount of $165 per week, and he continues to receive benefits in the said amount up to the present time. The workers’ compensation benefits received by plaintiff for each month from the date of filing of the application for a disability pension have exceeded the amount of the pension benefits to which plaintiff is entitled under the pension fund.
Prior to October 1, 1976, workers’ compensation benefits were not offset against disability-pension benefits under the rules and regulations of the pension fund. However, effective October 1,1976, the trustees of the pension fund amended the plan by adopting a rule providing that any recipient of disability-pension benefits would have his or her benefits reduced or offset by the amount of workers’ compensation benefits he or she received. The amendment to § 5.24 of the rules and regulations of the pension fund provides that
“[a]ny pension benefits payable for any month for which the Participant or Pensioner received worker’s [sic ] compensation benefits shall be offset by the amount of such worker’s compensation benefits.”
Notice of this change was given on October 18, 1976, by the board of trustees to all covered employees, participating local unions, and contributing employers.
Since plaintiff filed his application for a disability pension in May 1977, several months after the amendment took effect, he was denied benefits and informed that no pension benefits would be payable to him, unless he waived his workers’ compensation benefits because his monthly compensation benefits exceeded his disability pension benefits.
The plaintiff thereafter commenced this action in the Superior Court. - After a hearing the trial justice found that plaintiff had remained eligible for a disability pension since he became disabled in May 1976; however when the benefits became payable in July 1977, an offset rule was in effect. He therefore held that the offset rule, effective October 1, 1976, is legal and valid under federal law and applicable to plaintiff.
The sole issue before this court is whether the amendment enacted in October 1976 applies to plaintiff, who was disabled prior thereto, even though his application for disability was filed after the adoption of the amendment.
The plaintiff does not question the authority of the trustees to enact an offset *1172 provision. Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981).[2] He claims, however, that it was unfair for the trustees to apply the amendment of October 1, 1976, to him because his disability occurred on May 28, 1976. He argues that by applying the rules in effect at the time of his application and not at the time of his disability, the trustees are attempting to apply the offset rule to plaintiff after he had completed the initial step for his eligibility in the pension plan. We disagree. The plan in the present case provides the trustees with broad authority to determine questions regarding pension benefits. Section 3 of article VII of the plan provides:
“The trustees shall be the sole judges of
(a) the standard of proof required in any case
(b) the application and interpretation of the plan
(c) entitlement to or amount of pension
(d) the crediting of future or past service and the decision of the trustees with respect to any of the foregoing shall be final and binding on all parties.”
When a plan has conferred such powers upon the trustees, courts have consistently held that judicial review of such a pension plan is limited to determining whether the action of the trustees has been arbitrary or capricious. Miles v. New York State Teamsters Conference Pension and Retirement Fund Employee Pension Benefit Plan, 698 F.2d 593, 599 (2nd Cir.1983); Dennard v. Richards Group, Inc., 681 F.2d 306, 313 (5th Cir.1982); Loomis v. Greyhound Retirement & Disability Trust, 627 S.W.2d 669, 671 (Mo.App.1982).
A review of the evidence indicates that the trustees decided that plaintiff, although eligible, became entitled to disability benefits only after an application was filed. Since plaintiff filed for benefits on May 17, 1977, well after the effective date of the amendment, the trustees determined that he was subject to the workers’ compensation offset amendment in effect at that time. We cannot say that this action is arbitrary or capricious. The amendment applies to all pensioners similarly situated, and there is nothing in the record to show that it has been applied in a discriminatory manner. In using the date of application to determine which rules should apply to a particular pensioner, we believe the trustees were acting in a manner consistent with their fiduciary obligation to maintain the fund for the entire membership of the plan.
Moreover, there was no abrogation of a vested right. Although plaintiff concedes the relevance of Alessi, he implies that the application of the amendment to him results in a forfeiture of his vested rights in the pension plan. The fact that the amendment was enacted after his disability but before his application does not change the conclusion reached by the Supreme Court in Alessi that the offset of a workers’ compensation award does not violate the nonforfeiture provisions of ERISA. While plaintiff’s eligibility for a disability pension may have been fixed as of the date of his disability and vested as of that date, Alessi establishes that the amount of the benefit or the method for calculating these benefits need not be frozen as of that date. “[I]t is the claim to the benefit, rather than the benefit itself, that must be ‘unconditional’ and ‘legally enforceable against the plan.’ ” Alessi v. Raybestos-Manhattan, Inc., 451 U.S. at 512, 101 S.Ct. at 1900, 68 L.Ed.2d at 410 (quoting Nachman Corp. v. Pension Benefit Guaranty Corp., 446 U.S. *1173 359, 371, 100 S.Ct. 1723, 1731, 64 L.Ed.2d 354, 364 (1980)).
The plaintiff remains eligible for a disability pension. The amendment does not eliminate the plaintiffs right to receive benefits; it only offsets his disability pension by the amount of his workers’ compensation payments.
The plaintiff’s appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

. State courts of competent jurisdiction have concurrent jurisdiction with Federal District Courts in an action brought by a participant or beneficiary of an employee pension benefit plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]” 29 U.S.C.A. § 1132(a)(1)(B) (1975).

. In Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981), the United States Supreme Court held that pension plan provisions for offsets based on workers1 compensation awards do not contravene the policies of the Employee Retirement Income Security Act of 1974 (ERISA) and are therefore lawful.