**STATE ex rel. HILLYARD CHEMICAL COMPANY, Relator,**

v.

**Honorable Fred J. SCHOENLAUB, Judge, Circuit Court of Buchanan County, Respondent.**

No. 62112.

Supreme Court of Missouri, Division No. 2.

Feb. 9, 1981.

William T. Smith, III, Kansas City, for relator.

Joseph A. Sherman, Kansas City, for respondent.

STOCKARD, Commissioner.

Lawrence E. Willmore sustained an injury on January 14, 1971 by reason of an accident arising out of and in the course of his employment by Hillyard Chemical Co., relator herein, for which he has been or is being compensated pursuant to the Missouri Workmen's Compensation Act. The accident occurred while a 4,000 gallon tank of liquid potash was being unloaded at relator's place of business. On June 10, 1975 Lawrence Willmore and his wife brought suit against Slay Transportation Company, Inc., the carrier who delivered the potash, Thompson-Hayward Chemical Company, Inc., the seller of the potash, and Monsanto Company, the wholesaler and manufacturer of the potash, for damages sustained in the above referred to accident based on negligence and strict product liability.

On September 26, each of the above named defendants filed a third-party petition against relator in which each sought indemnity from relator, or in the alternative an apportionment of damages, on the basis that in nine different ways relator was negligent as to Lawrence Willmore. By an amendment to the third-party petitions each defendant further alleged that relator "had a duty to [each defendant] to maintain its premises in safe condition at all times or in the alternative to warn of dangerous conditions which [relator] knew existed or could have known existed at all times during the transfer of the liquid potash on its premises," and that relator breached that duty to each defendant by being negligent in the nine ways previously alleged.

Relator's motion to dismiss the third-party petitions was denied, and relator has sought this writ of prohibition.

Section 287.120.1 RSMo 1978 provides:

"Every employer subject to the provisions of this chapter [Workmen's Compensation] shall be liable, irrespective of

negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. This term 'accident' as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person."

It was held in *State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss*, 588 S.W.2d 489, 490 (Mo. banc 1979), that the above statute "is clear and unambiguous," and that "It operates to release the employer from all other liability."

Respondent argues that in the *Maryland Heights* case the accident did not occur on the employer's property, but that it did so in this case, and that relator had "a common-law duty to the third-party plaintiffs as a landowner, and the relator's liability for the breach of [that] independent duty [is] not protected by § 287.120.1 of the Workmen's Compensation Act." Respondent also asserts that the liquid potash was delivered to the relator's premises at its request, and that as a result of that "commercial transaction" the third-party plaintiffs were "business invitees." He then quotes from Prosser, Law of Torts (4th ed.) p. 393, the general and well accepted rule that the occupier of land "must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know, and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use." Respondent concludes that because of the status of third-party plain-

tiffs as business invitees, "relator had an affirmative duty to protect them while on [its] premises," and he asserts that "such duty is independent of any employee-employer relationship and it is this duty which the First Amended Third-Party petitions allege was breached by the relator."

None of the third-party plaintiffs was present on relator's premises. Therefore, there was no duty to them on the part of relator as a landowner. Also, Willmore was not an employee of any of the third-party plaintiffs. The relator's duty to him was as an employee, and relator's liability to the plaintiffs in the underlying suit is governed by the Workmen's Compensation Act.

Respondent also asserts that "if the payment of Workmen's Compensation Benefits immunizes the employee [employer?] from additional liability to third parties it does not abrogate the duty to the employee or to the third parties, and therefore the employer should remain in the lawsuit in order for the jury to accurately determine the amount of damage the employer's negligence caused." This is the precise contention presented in the dissenting opinion in the *Maryland Heights* case, but not adopted by the court en banc.

The preliminary writ in prohibition is made absolute.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.