Ida SCHMIDT, Appellant,

v.

PASTIME CLUB OF IMPERIAL,
INC., Respondent.

No. 42676.

Missouri Court of Appeals,
Eastern District,
Division 3.

July 14, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 21, 1981.

Robert L. Brown, Arnold, for appellant.

John W. Hammon, Hillsboro, for respondent.

REINHARD, Judge.

This appeal arises out of a civil action for injuries incurred by plaintiff when she slipped and fell while working for defendant. The trial court granted defendant's motion for summary judgment and entered judgment against plaintiff. Plaintiff appeals from this judgment.

Plaintiff's petition for damages was in three counts. Defendant pleaded, among other defenses, the affirmative defense of contributory negligence. In its motion for summary judgment, defendant relied upon plaintiff's deposition claiming that her testimony barred her from recovery. On appeal, we are confronted with the sole issue of whether the trial court erred in determining that plaintiff was contributorily negligent as a matter of law in response to defendant's motion for summary judgment.

The rules of law governing our review of summary judgment are well settled. A summary judgment is appropriate only where the pleadings, depositions, admissions on file, together with any affidavits reveal that there is no genuine issue of material fact. *Edwards v. Heidelbaugh*, 574 S.W.2d 25, 27 (Mo.App. 1978). A genuine issue of fact preventing summary judgment exists whenever there is the slightest doubt as to the facts. *Cooper v. Yellow Freight System, Inc.*, 589 S.W.2d 643, 646 (Mo.App. 1979). It is incumbent upon the party moving for summary judgment to demonstrate by unassailable proof that there is no genuine issue of fact. *Id.* Further, summary judgment is not as feasible in negligence cases where the standard of the reasonable man is applied and different inferences can be drawn from the facts. *Cooper v. Finke*,

376 S.W.2d 225 (Mo.1964). *Also see* 9 West's, Federal Practice Manual, § 9255, p. 560 (2d Ed. 1979).

Reviewing plaintiff's deposition, we find that plaintiff, Ida Schmidt, and her husband were employed to clean defendant's business establishment on certain days, arranged in advance. Plaintiff and her husband had been working for defendant approximately nine years. Defendant operated a large hall in which parties and receptions were held. Plaintiff's job, upon arriving early in the morning, was to sweep and mop the floor and wash the tables and chairs. Defendant supplied the necessary mops, brooms, bucket and detergent. Defendant did not supply any safety shoes to prevent slipping on the wet floor; however, none were requested by plaintiff. Mr. Becker, the man plaintiff says hired her, had instructed plaintiff to mop the floor by walking behind the mop as she pushed it across the hall. This method was used in order to avoid streaking.

On the day of the injury, plaintiff and her husband arrived at the hall early in the morning and began to clean. Present that morning were some women who were setting up for a bridal shower. After the floor was swept and the tables and chairs washed and moved out of the way, plaintiff began to mop the floor. Plaintiff was aware that the floor was "slick like a sheet of ice," stating that she nearly fell twice but used the mop to maintain her balance. She had also informed the women present of the slippery condition of the floor. Although aware of this condition, and being very careful, plaintiff nonetheless fell in an area in which she had previously observed some spillage, sustaining an injury to her hip. At the instant the accident occurred, plaintiff was pushing her mop forward in front of her and fell when her feet flew out from under her, landing on her side.

Negligence, either contributory or primary, depends upon the surrounding circumstances, as well as upon the particular conduct involved, because an act or omission which would clearly be negligence under some circumstances might not be negligence under other circumstances and surroundings. Negligence is always a question for the jury when the evidence on material points is conflicting, or where, the facts being undisputed, different minds may reasonably draw different conclusions from them. If the inferences to be drawn from the evidence are not certain or incontrovertible, the question of negligence cannot be passed upon by the court. *Rouchene v. Gamble Const. Co.*, 338 Mo. 123, 89 S.W.2d 58, 61 (1935).

■ The plaintiff alleges in the present case that she was not contributorily negligent because at the time of the injury, she was following the instructions of defendant employer as to the proper method to mop the floor. The rule is recognized that an employee, proceeding to work as directed, is only guilty of contributory negligence as a matter of law when the danger of doing so is so obvious and glaring that no reasonably prudent person in the exercise of ordinary care would undertake to do so. *Rouchene v. Gamble Const. Co.*, 338 Mo. 123, 89 S.W.2d 58 (1935). The question thus presented is whether a reasonably prudent person so instructed, under these circumstances, would undertake the directed task.

This principle is illuminated in the case of *Rouchene v. Gamble Construction Co., supra,* involving an action by a concrete finisher against a building contractor for injuries received when plaintiff fell through an opening in the floor. Plaintiff was pulling a straightedge to see that the floor was level and while walking backwards, fell through the opening. Plaintiff was instructed by a foreman as to where to begin and the manner in which to work. The court stated that although it is usually contributory negligence to approach a place of known danger without looking, the plaintiff could not be held contributorily negligent as a matter of law in working in the direction he was instructed without keeping a more careful watch. The work undertaken was not so glaringly or obviously dangerous that no reasonably prudent person would perform the directed task. The court thus held the issue of contributory negligence to be a question for the jury.

Similarly, the case of *Brann v. Hydraulic Press Brick Co.*, 288 S.W. 941 (Mo.App. 1926), involved an action for personal injuries sustained while plaintiff was in the employ of defendant as a laborer and engaged in moving bricks from a wagon. The plaintiff was directed to take off the sideboard from the wagon and use tongs to unload the bricks although plaintiff suggested that the bricks leaning against the sideboard would fall out. Despite his reluctance, plaintiff removed the sideboard and was subsequently injured by the falling bricks. The court in addressing the question of whether plaintiff was guilty of contributory negligence as a matter of law stated:

> [P]laintiff may not be adjudged guilty of contributory negligence as a matter of law in obeying the order of the inspector to lift the sideboard, even though he knew that some of the bricks would be caused to fall off of the wagon, unless the danger to be incurred thereby was so imminent and obvious that a reasonably prudent person would not have incurred the risk.
>
> While we concede that any one possessed of ordinary intelligence would know that bricks would fall, if the sideboard against which they were leaning was lifted, we think reasonable minds might well differ as to whether the danger of actual injury therefrom was so obvious and imminent that no ordinarily prudent person would have incurred the risk of lifting the sideboard. Furthermore, the method of unloading the wagon was that selected by the one in authority, and we think plaintiff had the right to assume that the judgment of the inspector and his knowledge of the perils attending such work were superior to his own.

*Id.* at 943 (citations omitted). Accordingly, the court held that the question of plaintiff's contributory negligence was for the jury.

Applying these principles to the present case, it is clear that the court erred in finding plaintiff contributorily negligent as a matter of law. The record reveals that the plaintiff was instructed as to the method to be used in mopping the floor. The record further indicates that it was this method, requiring plaintiff to walk through the soapy water, which precipitated the fall. Although plaintiff was aware of the slippery condition, we cannot conclude as a matter of law from the record before us that one in the exercise of ordinary care would not have continued to mop the floor because to do so was obviously and glaringly dangerous. Therefore, the court erred in granting summary judgment.

The summary judgment for defendant is set aside and held for naught, and the cause is remanded to the circuit court for further proceedings not inconsistent herewith.

CRIST, P.J., and SNYDER, J., concur.