Mrs. Peggy **MARTIN,**
Plaintiff-Appellant,

v.

**FULTON IRON WORKS COMPANY,**
Defendant and Third Party
Plaintiff-Respondent,

v.

**HARTMANN-WALSH PAINTING
COMPANY, INC.,** Third Party
Defendant-Appellant.

Nos. 44261, 44364.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 31, 1982.

Motion for Rehearing and/or Transfer
Denied Oct. 15, 1982.

Applications to Transfer Denied
Nov. 15, 1982.

---

Lawrence O. Willbrand, P.C., St. Louis, for Mrs. Peggy Martin, plaintiff-appellant.

Ralph C. Kleinschmidt, Gerre S. Langton, St. Louis, for third party defendant-appellant, Hartmann-Walsh Painting Co., Inc.

Roberts & Heneghan, Inc., W. Munro Roberts, Jr., L. William Higley, St. Louis, for third party plaintiff-respondent, Fulton Iron Works Co.

GUNN, Presiding Judge.

Plaintiff-appellant seeks recovery for the wrongful death of her husband, John Martin, who was electrocuted while painting the building of defendant-respondent Fulton Iron Works Company. Fulton Iron Works brought a third party indemnity action against Martin's employer, Hartmann-Walsh Painting Co. The jury found Fulton Iron Works negligent and awarded plaintiff damages of $500,000 but with full indemnity against Hartmann-Walsh. The trial court found Martin contributorily negligent as a matter of law and entered judgment notwithstanding the verdict in favor of Fulton Iron Works but left standing the $500,000 indemnification judgment against Hartmann-Walsh.

The dispositive issues on appeal are: (1) whether the trial court erred in finding plaintiff's decedent contributorily negligent as a matter of law; (2) whether there was a viable contract of indemnification between defendant and the third party defendant; (3) whether the trial court erred in excluding evidence tending to support defendant's theory of contributory negligence. We conclude that the judgment cannot stand and reverse and remand for a new trial.

Plaintiff's husband, John Martin, was an experienced painter employed by Hartmann-Walsh Painting Co., Inc. Fulton Iron Works entered into a contract to have its plant painted by Hartmann-Walsh, and Martin was one of the painters assigned to the work. On the day of his death, Martin was painting on the Fulton Iron Works' building when he apparently came in contact with live electrical wires used to power overhead cranes. No one observed the accident, but two of Martin's co-workers looked up and saw him lifeless with his hand grasping one of the live wires.

Martin's wife, the plaintiff, brought a wrongful death action against Fulton Iron Works on the primary theory that it was negligent in failing to turn off the electrical power serving the crane wires. Fulton Iron Works brought Hartmann-Walsh into the case on the theory that an indemnification agreement existed. Both Fulton Iron Works and Hartmann-Walsh asserted Martin's contributory negligence as a defense, alleging that Martin knew the power lines were turned on and dangerous as he was painting near them. The parties stipulated that as a result of Martin's death, Workman's Compensation benefits from the Hartmann-Walsh insurer had been paid.

The jury's verdict was a $500,000 judgment against Fulton Iron Works, but it also

found Hartmann-Walsh liable for the full amount in indemnification. The trial court entered judgment in accordance with Fulton Iron Works' motion for directed verdict, finding that Martin was contributorily negligent as a matter of law. Hartmann-Walsh's motion for directed verdict on the same basis was denied, however, leaving the $500,000 judgment outstanding against it.

### Contributory Negligence

In considering the contributory negligence issue, we are guided by the following maxim: Unless reasonable minds can reach no other conclusion but that a plaintiff is barred from recovery by his negligence and that such negligence was the proximate cause of his injury, the issue of contributory negligence is a fact issue for the jury to decide, not a question of law. *Mitchell v. Buchheit,* 559 S.W.2d 528, 530 (Mo.banc 1977); *Hartenbach v. Johnson,* 628 S.W.2d 684, 687 (Mo.App.1982).

The contributory negligence issue stems from the fact that the power to the wires was controlled through a locked switch box for which Hartmann-Walsh kept a key. The painters, including Martin, were instructed not to paint near the electric wires unless the power had been turned off. On the day of the accident, with Hartmann-Walsh's knowledge Fulton Iron Works had used the power driven cranes. The question was put to the jury as to whether Martin knew the power was on when he was painting near the wires that killed him. The jury found in plaintiff's favor on the contributory negligence issue, but the trial court ruled Martin contributorily negligent as a matter of law.

Considering the evidence in the light most favorable to plaintiff, we cannot find that reasonable minds could only conclude that Martin knew the power was on as he went about his work. In working in the area where he was killed, he was responding to a request of his foreman, who had given permission for the power to be turned on earlier in the day. An employee proceeding to work as directed is guilty of contributory negligence as a matter of law when the danger of doing so is so obvious and glaring that no reasonably prudent person in the exercise of ordinary care would undertake to do the work. *Hannah v. Mallinckrodt, Inc.,* 633 S.W.2d 723, 726 (Mo. banc 1982); *Schmidt v. Pastime Club of Imperial, Inc.,* 622 S.W.2d 13, 14 (Mo.App. 1981). The question is whether a reasonably prudent person so instructed under those circumstances would undertake the directed task.

In considering Martin's conduct under this test, a presumption applies. As no one saw the accident, the decedent worker is entitled to the presumption that he was handling himself and doing his work with due care. *Mitchell v. Buchheit,* 559 S.W.2d at 530; *Helton v. Hake,* 564 S.W.2d 313, 322 (Mo.App.1978), *cert. denied,* 439 U.S. 959, 99 S.Ct. 363, 58 L.Ed.2d 352 (1978).

In this case, viewing the evidence most favorably to plaintiff, there was a failure to establish that Martin's actions were glaringly unreasonable under the circumstances. There is no evidence to establish as a matter of law that he knew the electrical power was on. The only evidence that tends to establish that Martin knew that the electrical power was activated had been excluded by the trial court. Thus, there should not have been a directed verdict against plaintiff on the issue of contributory negligence. This was a matter clearly for jury determination. *Hannah v. Mallinckrodt, Inc.,* 633 S.W.2d at 726.

Our holding is that there was insufficient evidence to sustain a finding that Martin was contributorily negligent as a matter of law. But, on the other hand, there was evidence, which was excluded, from which the jury could have found him to be contributorily negligent. The jury should have been allowed to consider such evidence; hence, we must remand the case for a new trial.

The case was tried to the jury substantially be deposition.

In his testimony, which was presented to the jury by deposition, Martin's foreman was asked without objection:

Q. Did he [Martin] indicate that he knew the power was on?

A. [Foreman] Sure, he knew it was.

Following this, plaintiff's attorney inquired:

Q. Did he state to you he knew it was on was the question: Did he say anything to you about it that would indicate that he knew it was on, or not?

A. He just says, "O.K., don't worry."

At trial, all of the foregoing testimony was excluded on the ground that the answer to the first question was an improper conclusion.

Fulton Iron Works contends that the foreman's testimony regarding Martin's knowledge of whether the power was on should have been allowed. In the posture presented, it should have been.

■ Generally, in the absence of a cross-appeal, the respondent cannot complain of an adverse ruling by the trial court. *Goldberg v. State Tax Commission,* 618 S.W.2d 635, 642 (Mo.1981). However, if otherwise validly presented, a respondent may attack the erroneous rulings of the trial court for the purpose of sustaining a judgment in its favor. *Cascio v. Garrett,* 535 S.W.2d 272, 274 (Mo.App.1976). The testimony of the foreman was relevant for the jury's consideration on the issue of Martin's contributory negligence—not as a matter of law but as a jury question.

■ Though the initial question and answer involved improper conclusions, objection was waived by plaintiff by asking essentially the same question. Plaintiff, after having presented the matter, cannot object for the first time at trial to the admission of the testimony which was presented by deposition. *See e.g., Bewley v. Allright Carpark, Inc.,* 617 S.W.2d 547, 552–53 (Mo. App.1981), in which failure to object to opponent's comments and party's reference to same matter constituted waiver of objection to admissibility.

■ The foreman's statement that Martin knew the power was on was an improper conclusion. But conclusions are admissible if not challenged. *Dempsey v. Boys' Club of St. Louis, Inc.,* 558 S.W.2d 262, 266 (Mo.App.1977). And the evidence to which no objection was made and was, hence, admissible went to the heart of the jury question—was Martin contributorily negligent? The exclusion of this evidence which might have materially effected the outcome of the case forms a sufficient basis for new trial. *Oventrop v. Bi-State Development Agency,* 521 S.W.2d 488, 492 (Mo. App.1975); *Dorn v. St. Louis Public Service Co.,* 250 S.W.2d 859, 866 (Mo.App.1952).

*Tellis v. Union Electric Co.,* 536 S.W.2d 742 (Mo.App.1976), relied on by Fulton Iron Works for its theory of contributory negligence as a matter of law is distinguishable. In *Tellis,* the worker had actual knowledge that the wires which killed him were charged and dangerous. That fact is a jury question in this case.

Other cases cited by Fulton Iron Works also involve situations in which workers knew or were presumed to know that wires were charged.

The issue as to Martin's knowledge of existing danger persists, and for that reason the case must be remanded for new trial.

*Indemnity Issue*

On the indemnity issue Hartmann-Walsh's defense is tripartite: (1) its liability must be grounded on a specific indemnification agreement with Fulton Iron Works, citing *Parks v. Union Carbide Corp.,* 602 S.W.2d 188 (Mo.banc 1980); (2) no specific indemnification agreement exists; (3) the Workman's Compensation Act applies to Hartmann-Walsh and Martin and bars any recovery by Fulton Iron Works.

Opposed to this argument, Fulton Iron Works asserts *McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co.,* 323 S.W.2d 788 (Mo.1959), which holds that workman's compensation would not serve as a bar to indemnification for injury to an employee in which there was breach of an expressly agreed to, independent duty to a third party (the third party in this case being Fulton Iron Works).

■ But the *McDonnell* exception was more tightly drawn by *Parks v. Union Carbide Corp.,* which is uniquely similar to this case. *Parks* recognizes that *McDonnell* allows an indemnification action on the basis that an employer has breached a duty it expressly agreed to perform. But *Parks* narrows *McDonnell* by requiring an express promise to indemnify. The agreement must contain in "clear and unequivocal terms" an intention to indemnify liabilities due to the indemnitee's own negligence. Aside from such an express agreement, an employer is not liable to the non-employer defendant for any sums that the latter might be responsible for in tort to the injured plaintiff-employee. 602 S.W.2d at 189. In this case there is an absence of the requisite specific indemnification agreement.

■ The similarity between the factual situation in this case and *Parks v. Union Carbide Corp.* is remarkable. The agreements between each defendant and employer are substantially similar; the employer agrees to assume responsibility for supervision of employees and warning them of dangers. *Parks* refuses to imply an indemnity agreement for such circumstances, as the intent to indemnify against damages arising from the defendant's negligence is not set forth in clear and unequivocal terms. An agreement merely to warn and supervise employees is not sufficient to imply a promise to indemnify against another's negligence. 602 S.W.2d at 190–91. *See Linsin v. Citizens Electric Co.,* 622 S.W.2d 277 (Mo.App.1981) (refuses to apply indemnity contract on facts similar to this case).

■ Without an indemnification contract between Fulton Iron Works and Hartmann-Walsh, the indemnity action necessarily fails. The protective aegus of the Workman's Compensation Act, § 287.120.1, RSMo 1978, therefore fully cloaks Hartmann-Walsh from recovery against it under non-contractual indemnity. *State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss,* 588 S.W.2d 489, 490 (Mo.banc 1979). And the workman's compensation statute operates to release Hartmann-Walsh from all other liability. *State ex rel. Hillyard Chemical Co. v. Schoenlaub,* 610 S.W.2d 957, 959 (Mo.1981).

Judgment finding plaintiff's decedent, John Martin, contributorily negligent as a matter of law, reversed. Judgment for indemnification in favor of Fulton Iron Works against Hartmann-Walsh, reversed. Judgment in action by plaintiff against Fulton Iron Works reversed and remanded for new trial.

CRIST and SIMON, JJ., concur.