Philip M. Hess, Judge
Introduction *169 Mark Porter ("Appellant") appeals the judgment of the Circuit Court of the City of St. Louis, following a jury trial, in favor of the City of St. Louis ("Respondent"). Appellant sued Respondent for negligently failing to repair a downed stop sign which led to Appellant's car accident. Appellant argues the trial court erred by: 1.) excluding a key witness's prior inconsistent statements, and 2.) allowing Respondent to argue prejudicial facts outside of the record during closing argument. For the reasons explained herein, we reverse and remand.
Factual Background
On January 7, 2008, Appellant was driving southbound on Fair Avenue in St. Louis. As Appellant drove through the intersection with Lexington Avenue, Jordan Sherrod, driving westbound on Lexington Avenue, collided with Appellant's vehicle (the "Accident"). Appellant did not have a stop sign. The stop sign regulating westbound traffic on Lexington was down at the time of the Accident. Appellant sustained multiple injuries, including a left shoulder joint separation.
In April 2011, Appellant sued the City for negligently failing to inspect and repair the downed stop sign, alleging the City knew or should have known of the dangerous condition.[1]
In May 2012, attorneys for Appellant visited Rutha Liggins, who lived at the corner of Fair and Lexington Avenue. Ms. Liggins signed a statement (the "Statement") which read she had not witnessed the Accident itself, but "did look out at the scene." The Statement further read that the stop sign regulating westbound traffic on Lexington Avenue had been down for "about one week" prior to the Accident.
On November 10, 2015, attorneys for the City visited Ms. Liggins and presented her with an affidavit, which she signed. The affidavit stated, in relevant part, "I have no knowledge as to when the stop sign at the intersection of Fair and Lexington came down or for how long it had been down."
On November 23, 2015, attorneys for Appellant visited Ms. Liggins again and presented her with an affidavit (the "Affidavit"), which she signed. The Affidavit stated, in relevant part, that "[t]he stop sign, located at the Northeast corner of the intersection with Fair Avenue, had been down on the ground for approximately one week" and "I had seen the stop sign on the ground for approximately one week prior to [January 7, 2008]."
On December 11, 2015, attorneys for both parties visited Ms. Liggins at her house to conduct a video deposition.[2] Ms. Liggins repeatedly testified she could no longer remember exactly how long the *170 stop sign had been down prior to the Accident, but that at the time of the Accident she thought the stop sign had been down one week. She was presented with her Statement, and she acknowledged that she had recalled the specifics of the situation surrounding the Accident better when she signed her Statement. She said that her Statement was an accurate recording of her memory at the time she signed it. During cross-examination by the City's counsel, the following exchange took place:
Q. [By City's Counsel] Do you remember, the words that are in the [Statement], do you remember saying those words?
A. Yes.
Q. You do remember saying that?
A. Yes.
....
Q. [By City's Counsel] Okay. And how do you know that you said those words in that statement?
A. I-the reason I know I said them, because I signed the paper after.
Q. Do you remember those words, those exact words-
A. Yes, I remember.
Q. -being on that paper when you signed it?
A. Yes, I remember-
Q. Okay.
A. -signing it, but I don't know, remember who, who took the words, you know, who I gave them to.
Q. But you did say those words, is that correct?
A. Yes, uh-huh.
The case was tried before a jury on February 8, 2016. On February 10, the trial court declared a mistrial after the jurors were unable to reach a verdict.
In April 2016, Appellant dismissed his cause of action without prejudice and re-filed his case. The case was again tried before a jury in May 2017. During motions in limine, the trial court granted the City's motion to exclude the Statement, Affidavit, and the portions of Ms. Liggins' video deposition which referenced her Statement and Affidavit (together, the "Excluded Statements"). The trial court found the Excluded Statements were hearsay.
A redacted version of Ms. Liggins' video deposition was played to the jury. In it, she testified that at the time of the Accident she thought the stop sign had been down a week, but she could no longer remember the specific amount of time. All she could presently remember was that it had been down for some length of time prior to the Accident.
Three witnesses-Mr. Sherrod, a police officer, and a sheriff's deputy-established the stop sign was down at the time of the Accident, and had not been knocked down as a result of the collision. However, none of the three witnesses knew how long the stop sign had been down. Mr. Sherrod testified via a video deposition that Ms. Liggins approached him after the Accident and told him the stop sign had been down awhile. When Appellant attempted to play the portion of the video deposition relating to Mr. Sherrod's conversation with Ms. Liggins, the City objected on the grounds that it was hearsay, and the objection was sustained by the trial court.
Appellant testified at trial. He testified that within minutes of the Accident, a group of people came out of their homes and went to the scene of the Accident. He said that he overheard one member of the group, whom he identified as Ms. Liggins, talk to Mr. Sherrod. He described Ms. Liggins' demeanor as "mad and agitated." Appellant's counsel asked him what he overheard. The City objected on hearsay grounds. Appellant's counsel argued Ms. Liggins' statement to Mr. Sherrod was an *171 excited utterance, and therefore an exception to the hearsay rule. The trial court agreed and overruled the City's objection.
Appellant testified that he overheard Ms. Liggins tell Mr. Sherrod the stop sign had "been down for seven days or better." The City did not cross-examine Appellant on his testimony regarding what he overheard.
The City's sole witness was Erik Bates, an employee of the City's Citizens Service Bureau. He testified to the policies and procedures of the Bureau, and stated the Bureau had no record of complaints relating to the downed stop sign during a one-week period before the Accident. He testified that under the Bureau's "system," if a citizen reported a downed stop sign, the City's Traffic and Lighting Division had three days to respond to the report.
In the City's closing argument, the City argued Appellant did not present sufficient evidence to prove the City had notice of the downed stop sign such that it had failed to use ordinary care. The City asserted there was insufficient evidence to support that the stop sign had been down for seven days prior to the Accident. The City argued, over Appellant's objection, that Appellant had testified three times previously and had never before testified about overhearing Ms. Liggins tell Mr. Sherrod the stop sign had been down for one week.
The jury returned a verdict in favor of the City. After the jury returned its verdict, Appellant's counsel made an offer of proof regarding the Excluded Statements. The trial court denied Appellant's motion for a new trial, and this appeals follows.
Discussion
I. Point I
The first part of Point I, denoted Point I (A) and (B) by Appellant, asserts the Excluded Statements should have been admitted by the trial court as prior inconsistent statements.[3] In Point I (C), Appellant asserts:
"It was improper for defendant to argue in closing argument that the only testimony presented by plaintiff from Ms. Liggins concerning the length of time the stop sign was down were her numerous statements that "I don't remember" because defendant successfully excluded her statement and affidavit, and it is reversible error for that attorney to request that the jury draw an adverse inference from his opponent's failure to produce a witness or document that has been excluded on his own motion."
Appellant's argument in Point I (C) is distinct from the argument raised in Point I (A) and (B). The Point I (C) argument is not preserved for appeal because Appellant did not make a timely objection during closing argument and did not include his claim of error in his motion for new trial. Mitchem v. Gabbert , 31 S.W.3d 538, 543 (Mo. App. S.D. 2000) ("In order to preserve allegations of error in the admission of evidence, the complaining party must object to the evidence when it was tendered at trial.... [and] the matter must be included in a timely-filed motion for a new trial.") Because Appellant's claim of error was completely unpreserved, and Appellant has not requested plain error review, we decline to review for plain error on Point I (C). See *172 State v. White , 466 S.W.3d 682, 686 (Mo. App. E.D. 2015) ("[The appellant] has not requested plain error review on this point, and therefore, it is within our discretion to decline to exercise plain error review").
Standard of Review
The City asserts that Appellant's remaining claim of error in Point I (A) and (B) is also not preserved for appeal. The City points out that Appellant did not attempt to offer an unedited version of Ms. Liggins' video deposition, Statement, or Affidavit during trial, and instead waited until the jury rendered its verdict before making the necessary offers of proof.
Appellant did not address the City's preservation argument in his brief, but during oral argument he asserted he was not required to make a formal offer of proof during trial in order to preserve his claim of error. Appellant cited to Reno v. Wakeman, 869 S.W.2d 219, 225 (Mo. App. S.D. 1993), in which the Southern District of this Court held that a formal offer of proof is not necessary where: 1.) the trial court and opposing counsel by other means are sufficiently advised as to what the testimony of the witness will probably be if allowed to testify; and 2.) the appellate court can determine from the record whether the excluded testimony was proper evidence. See also Kummer v. Cruz , 752 S.W.2d 801, 807 (Mo. App. E.D. 1988) ("The reason for a formal offer of proof does not exist if the trial court and counsel are, by other means, sufficiently advised to what the testimony of the witness will probably be if he is allowed to testify.").
Here, we agree that a formal offer of proof during trial was not necessary to preserve Appellant's claim of error regarding the Excluded Statements. The record reflects the City and the trial court were well-aware of the substance the Excluded Statements, and knew what Ms. Liggins' deposition testimony would be regarding her Statement and Affidavit. Furthermore, a transcript of her unedited video deposition was provided to this Court, and therefore we are able to determine from the record whether the excluded testimony was proper evidence.
Accordingly, Appellant's claim was preserved and we will review the trial court's determination of the admissibility of the Excluded Statements for abuse of discretion. Long v. St. John's Reg'l Health Ctr., Inc. , 98 S.W.3d 601, 605-06 (Mo. App. S.D. 2003).
Analysis
A witness's prior inconsistent statements are admissible as substantive evidence. State v. Placke , 290 S.W.3d 145, 154 (Mo. App. S.D. 2009). In order to qualify as a prior inconsistent statement, the "whole impression and effect" of the statement must present a "real inconsistency" between the statement and a later statement. Id.
Appellant argues the Excluded Statements were admissible because they were inconsistent with Ms. Liggins' video deposition testimony in which she equivocated about the length of time the stop sign had been down prior to the Accident. Appellant argues that Ms. Liggins' inability to remember the specific amount of time the stop sign had been down was inconsistent with her prior statement that the stop sign had been down "about one week" before the Accident.
The City argues the trial court did not abuse its discretion in determining that the Excluded Statements were not inconsistent with Ms. Liggins' video deposition testimony. The City points out that Ms. Liggins, in her video deposition, did not testify that the stop sign was knocked down during the Accident, or that it had *173 only been down for one day. She did not dispute her Statement had been an accurate reflection of her knowledge at the time she signed it, or that at the time of the Accident she thought the stop sign had been down a week. She simply testified she could not presently recall the specific length of time the stop sign had been down.
We agree with the City that the trial court did not abuse its discretion in determining the Excluded Statements were inadmissible as prior inconsistent statements. In the Excluded Statements, Ms. Liggins said the stop sign "had been down on the ground for about one week" prior to the Accident. During her deposition, she testified, "[At the time of the Accident] I thought [the stop sign] had been down a week, but I just don't remember how long it had been down." Although the Excluded Statements were less equivocal than Ms. Liggins' deposition testimony, the trial court was within its discretion to find Ms. Liggins' equivocation did not present a real inconsistency. State v. Davis , 963 S.W.2d 317, 330 (Mo. App. W.D. 1997) ("For a statement to qualify as a prior inconsistent statement, the 'whole impression and effect' of the statement must be to present a 'real inconsistency' between that statement and a later statement.").[4] Point I is denied.
II. Point II
In Point II, Appellant argues the trial court erred when it allowed the City to assert during closing argument that Appellant testified three times previously, and for the first time testified at trial he heard Ms. Liggins tell Mr. Sherrod the stop sign had been down for one week. The City asserts Appellant's point is not preserved, and even if it were, the City's argument regarding Appellant's prior testimony was a fair inference from the evidence and was not prejudicial. The relevant portion of the City's closing argument is provided below:
[The City]: [T]he only other thing that the plaintiff has presented on that seven-day time frame is the plaintiff's own testimony where he goes, oh, I heard-I heard Rutha Liggins, and I know it was her, and I heard her at the scene say the stop sign had been down for seven days. Plaintiff has been-he's testified under oath three times prior to this trial-this was his fourth-this was the very first time he ever made that claim. The first time. All of a sudden when he's at trial after he's heard me say they're not going to be able to prove-
[Appellant's Counsel]: Objection, Your Honor. There's no evidence of that. That's a misstatement of evidence before this jury.
[The Court]: The specific objection, [Appellant's Counsel]?
[Appellant's Counsel]: He's talking about evidence that isn't even in this case, this is not before the jury. This is stuff that he's made up for closing argument. It's not evidence. I object to it.
[The Court]: All right. I'll remind the jury that you are to be guided by the evidence in this case and the reasonable inferences, conclusions drawn from the evidence.
*174 [The City]: Now, ladies and gentlemen, in this case this was the first time that Mr. Porter claimed that he knew Rutha Liggins had said that.
[Appellant's Counsel]: Same objection.
[The Court]: I'll allow that.
Standard of Review
The City argues that Appellant did not properly preserve Point II for our review because he failed to obtain a ruling from the trial court on his objection. We disagree. Appellant objected twice to the City's argument and obtained a ruling from the trial court. Although following Appellant's first objection, the trial court only reminded the jury to be "guided by the evidence in this case," after the second objection, the trial court stated "I'll allow that." The trial court clearly ruled on the objection, and therefore the issue is preserved for appeal.
The trial court is allowed broad discretion in ruling on the propriety of a closing argument, and will be reversed only for an abuse of discretion. Moore v. Missouri P. R. Co. , 825 S.W.2d 839, 844 (Mo. banc 1992). Similarly, counsel is afforded wide latitude to suggest inferences from the evidence during closing argument. Carter v. Liberty Equipment Co., Inc., 611 S.W.2d 311, 315 (Mo. App. W.D. 1981). However, it is impermissible for counsel to go beyond the record or to urge prejudicial matters the law does not support. Cook by Cook v. Willis , 885 S.W.2d 791, 793 (Mo. App. S. D. 1994). "[The Missouri Supreme Court] has often held that arguing facts outside the record is error warranting reversal." State v. Storey , 901 S.W.2d 886, 901 (Mo. banc 1995).
Analysis
Appellant asserts the City's argument that he never previously testified he heard Ms. Liggins tell Mr. Sherrod the stop sign had been down for seven days was outside the evidence presented at trial and prejudicial. Appellant points out the City had the opportunity to cross-examine him about whether he had testified on the subject in his prior depositions, but failed to do so.
The City argues the challenged portion of its closing argument was a fair inference from the evidence presented at trial. The City asserts the evidence demonstrated Appellant had testified on three prior occasions, and did not know who Ms. Liggins was at the time of the accident. The City argues the challenged portion of its argument was supported by the following testimony:
[Appellant's Counsel]: You didn't know who [Ms. Liggins] was at [the time of the Accident]?
[Appellant]: Not at that time, no sir.
[Appellant's Counsel]: That's the lady who we saw in the video deposition this morning, was that the lady who was at the scene?
[Appellant]: Yes, sir.
....
[Appellant's Counsel]: And I know you have been asked questions a number of times, so in addition to the two depositions you gave, you gave some more testimony for the City of St. Louis in a third time, is that right?
[Appellant]: Yes, sir.
Although Appellant's testimony supports the inference he testified on three previous occasions, it does not imply that Appellant never testified on those previous occasions that he overheard Ms. Liggins tell Mr. Sherrod the stop sign had been down a week. Appellant testified that he did not know Ms. Liggins at the time of the Accident, but that does not support the inference that he did not know who Ms. Liggins was until after he saw her video deposition at trial. The City argues that it was reasonable to infer that "[Appellant] connected the dots after viewing [Ms. Liggins']
*175 video deposition at trial." We disagree. Neither Appellant's testimony nor any other evidence submitted to the jury supported the inference that Appellant never testified prior to trial that he overheard Ms. Liggins tell Mr. Sherrod the stop sign had been down a week. As such, the City's argument was outside of the record.
Appellant asserts the City's improper argument was prejudicial because it "made [Appellant] look like a liar without any evidentiary support for that assertion," and was especially prejudicial because Appellant's testimony was the only evidence the stop sign had been down a week prior to the Accident due to exclusion of Ms. Liggins' prior recorded statements.
We agree with Appellant that the City's argument was erroneous and prejudicial, and therefore conclude the trial court abused its discretion when it allowed the City to make its inadmissible argument over Appellant's repeated objections It is well-settled that attorneys may not argue facts outside of the record, and that doing so may be highly prejudicial to the opposing party. See Davis v. City of Indep. , 404 S.W.2d 718, 720 (Mo. banc 1966) ("It is almost axiomatic that arguments of counsel must be based upon the evidence."); Marble v. Walters , 19 Mo. App. 134, 136 (Mo. App. 1885). ("An advocate must not make himself a witness and state facts not in evidence, to prejudice the jury. Such statements should be checked and a severe reprimand administered, in the presence of the jury, to the attorney who is guilty of this violation of duty.")
The City's closing argument implied Appellant fabricated his story at trial that he overheard Ms. Liggins' and Mr. Sherrod's conversation. It indicated to the jury that the City possessed knowledge outside of the record regarding what Appellant said, or did not say, during his prior depositions. Under Appellant's theory of liability, he was required to demonstrate the City had at least constructive notice of the downed stop sign. Dierker, 961 S.W.2d at 60. Due to the exclusion of Ms. Liggins' prior recorded statements, Appellant's testimony was the only unequivocal testimony which demonstrated the specific length of time the stop sign had been down.
The City asserts that, even if the trial court erred in overruling Appellant's objections to the City's closing argument, the error could not be prejudicial because the challenged argument was not a misstatement of fact. The City cites to various portions of the legal file in support of its argument that Appellant had never before testified he overheard Ms. Liggins tell Mr. Sherrod the stop sign had been down for one week. However, the City conceded in oral argument it did not present these alleged contradictions to the jury during its cross-examination of Appellant. Assuming the City is correct in its interpretation of Appellant's past testimony, it will have the opportunity point out such inconsistencies in a new trial.
The City raises the additional argument that Ms. Liggins' statement to Mr. Sherrod did not fall under the excited utterance exception to the hearsay rule, and therefore the trial court erred in admitting it. The City asserts that because the statement should not have been admitted, Appellant cannot argue he was prejudiced by the City's closing argument regarding the inadmissible statement.[5] Appellant did not file a reply brief, and therefore has not addressed the City's argument.
The excited utterance exception applies to statements made by a witness "following a startling or unusual occurrence *176 sufficient to overcome normal reflection such that the ensuing declaration is a spontaneous reaction to the startling event." State v. Turner , 420 S.W.3d 666, 669 (Mo. App. E.D. 2014) (internal quotations omitted). "Courts have determined that excited utterances are inherently trustworthy because the startling nature of the event is speaking through the person instead of the person speaking about the event." State v. Robinson , 535 S.W.3d 761, 766 (Mo. App. E.D. 2017) (quoting State v. Kemp , 212 S.W.3d 135, 146 (Mo. banc 2007) ). The essential test for admissibility of an excited utterance is neither the time nor place of its utterance but whether it was made under such circumstances as to indicate it is trustworthy. Kemp , 212 S.W.3d at 146. Among the factors to be considered in determining whether a statement is an excited utterance are: 1.) the time between the startling event and the declaration; 2.) whether the declaration is in response to a question; 3.) whether the declaration is self-serving; and 4.) the declarant's physical and mental condition at the time of the declaration. Id. "While no one factor necessarily results in automatic exclusion, all should be considered in determining whether the declaration was the result of reflective thought." Id.
The City argues that because Ms. Liggins did not witness the Accident itself and her statement to Mr. Sherrod was not about the subject matter of the Accident, her statement was not an excited utterance. We disagree with the City's assertion that Ms. Liggins' statement was not about the subject matter of the Accident, as her statement addressed the cause of Accident. We also note that even though Ms. Liggins did not see the Accident occur, she heard the cars collide and observed the immediate aftermath of the Accident.
The City does not address the four factors cited above in Kemp . In applying the factors ourselves, we note: 1.) Ms. Liggins' declaration was made at the scene of the Accident and occurred within approximately three minutes of the Accident; 2.) her declaration does not appear to have been made in response to a question, 3.) her declaration was not self-serving; and 4.) she was "mad and agitated" at the time she made the declaration. Therefore, the factors all weigh in favor of finding that Ms. Liggins' statement was an excited utterance, although perhaps not overwhelmingly so. We conclude that "[r]easonable minds may differ as to whether [Appellant] met his burden in showing the statement was an excited utterance; therefore, no manifest abuse of the trial court's discretion has been demonstrated." Jones v. Wahlic , 667 S.W.2d 729, 731 (Mo. App. E.D. 1984). It was for the jury to decide what weight to give Appellant's recollection of Ms. Liggins' statements. Point II is granted.
Conclusion
The judgment of the trial court is reversed, and we remand the case for a new trial in accordance with this opinion.
Lisa P. Page, P.J. and Roy L. Richter, J. concur.

Although the City is generally immune from liability by sovereign immunity, Appellant sought recovery under the dangerous condition of property exception to sovereign immunity. In order to state a claim under the dangerous condition exception, a plaintiff must show: 1) a dangerous condition of public property, 2) the injury directly resulted from the dangerous condition, 3) the dangerous condition created a reasonably foreseeable risk of the kind of harm incurred, and 4) a public employee negligently created the condition, or the public entity had actual or constructive notice of the condition. State ex rel. Missouri Hwy. and Transp. Commn. v. Dierker, 961 S.W.2d 58, 60 (Mo. banc 1998).

At the time of the deposition, Ms. Liggins was 78 years old.

Appellant's Point I is multifarious in violation of Missouri Supreme Court Rule 84.01(d). Generally, multifarious points preserve nothing for appellate review and are subject to dismissal. State v. Robinson , 454 S.W.3d 428, 437 n.6 (Mo. App. W.D. 2015). However, we will exercise our discretion and review the portions of Point I that were otherwise preserved for appeal. Id.

The Excluded Statements may have been admissible under a different rule of evidence, but those arguments are not before us. See, e.g., S & H Concrete Const. Co. v. Genova , 384 S.W.2d 816, 820 (Mo. App. 1964) ("It is a generally recognized rule of evidence was a witness may testify to a transaction or event on the basis of a written record of his past recollection, although the writing does not refresh his memory and he has no present recollection of the matters there recorded"). Because those arguments were not raised by Appellant, we will not review them.

We note that "[g]enerally, in the absence of a cross-appeal, the respondent cannot complain of an adverse ruling by the trial court." Martin v. Fulton Iron Works Co. , 640 S.W.2d 491, 495 (Mo. App. E.D. 1982). "However, if otherwise validly presented, a respondent may attack the erroneous rulings of the trial court for the purpose of sustaining a judgment in its favor." Id. ; see Brockman v. Regency Fin. Corp. , 124 S.W.3d 43, 50 (Mo. App. W.D. 2004) (holding that "[a] respondent may attack the erroneous rulings of the trial court in order to sustain a judgment in its favor"). Here, the City, as the prevailing party below, "is entitled to advance any argument ... in support of the judgment. Holman v. Holman , 228 S.W.3d 628, 633-34 (Mo. App. S.D. 2007).