R. F. PERKINS, RESPONDENT, v. JOHN BOSTIC, APPELLANT.

Springfield Court of Appeals. January 16, 1933.

*Moore & Moore* for appellant.

*Allen & Allen* and *Omer E. Brown* for respondent.

BAILEY, J.—This is a suit in replevin for possession of an automobile. The case originated in justice court where judgment was for defendant. On appeal to circuit court a trial was had before the court without a jury, and judgment was for plaintiff. Defendant appealed.

The trial court made a finding of facts which is as follows: "Plaintiff signed a written order to defendant for a Dodge automobile, and in payment thereof was to turn to defendant a Chevrolet car, and pay the sum of $317 or near such amount and for such amount executed to defendant certain notes secured by chattel mortgage on said car purchased.

That at such time or prior thereto, plaintiff delivered the possession of his Chevrolet automobile, and took possession of the Dodge car and defendant took such notes and chattel mortgage and such Chevrolet car belonging to plaintiff.

The court further finds that thereafter the Dodge car was repaired, by defendant and repaired again, but from all the evidence the court finds that such Dodge car was not misrepresented, nor was plaintiff misled, as to its condition, nor was any fraud practiced upon the plaintiff as to its condition such Dodge car was in at the time of such transfer was made.

That while there is some dispute as to whether plaintiff agreed to deliver his certificate of title to defendant, at the time such transfer was made, the evidence preponderates in favor of defendant on such question and the court finds such to be a fact.

The court finds that plaintiff did not deliver his title certificate to such Chevrolet car, to defendant and after keeping the Dodge car the length of time stated in the evidence took the Dodge car to defendant, and demanded his car from defendant and on defendant's refusing to deliver such Chevrolet car to him plaintiff institute this action.

The court further finds that by reason of the fact that plaintiff did not deliver and assign to defendant the title certificate of the Chevrolet car, to him belonging, that title did not pass to said car to defendant, that plaintiff is not estopped from bringing this action, and that by virtue of the certificate of title not being assigned, and delivered to defendant, that plaintiff should prevail in this action and that he should have judgment for the possession of said car, to-wit: The Chevrolet car mentioned in plaintiff's statement and complaint.

The court further finds that no title or any certificate of title to said Chevrolet car mentioned in plaintiff's statement and complaint was delivered to defendant at any time.

The court further finds that no legal counterclaim was filed in the suit in replevin before the Justice of the Peace and that therefore, no such counterclaim was before the court nor was any such claim attempted to be filed, this being a straight suit for possession of one Chevrolet car as set out in the petition.''

The record supports the finding of facts.

Defendant requested three declarations of law which were by the court refused, and this refusal is assigned as error. The first declaration so requested by defendant was to the effect that plaintiff could not take advantage of his own fraud or illegal act and is therefore not entitled to possession of the car in controversy. We think, under the trend of authority and the statutory law of this State, the declaration was properly refused. By the provisions of our statute (Sec. 7774, R. S. 1929) any transfer of an automobile unless accompanied by a properly assigned certificate of title is void. [State ex rel. Connecticut Ins. Co. v. Cox, 268 S. W. 87.]

In that same case it was specifically held that a bill of sale was insufficient to pass title to an automobile where no certificate of title issued by the Secretary of State was delivered at the time of the delivery of the car. That decision has been construed as holding the transfer of the certificate of title to be absolutely mandatory and that in no other manner may title be passed. [Quinn v. Gehlert, 291 S. W. 138; Boyer v. Garner, 15 S. W. (2d) 893; Weaver v. Lake, 4 S. W. (2d) 834.]

In the Boyer case we recognized the principle that a party to a fraud may not recover money paid by one engaged in such an unlawful undertaking. We further held, however, that where the contract was executory, a party had a right to repudiate same and recover money paid, provided he returned the consideration within a reasonable time.

In the case at bar the contract was executory until the certificate of title was transferred and we therefore adhere to our former ruling by holding plaintiff had the right to recover in replevin after returning the car for which he had apparently contracted to trade. For that reason we must further rule that defendant's other requested declarations of law were properly refused, and that plaintiff's declaration of law given by the court to the effect that unless a properly assigned certificate of title was delivered by plaintiff to defendant no title to the automobile in question passed to defendant.

Defendant claims he had a right to possession of the Chevrolet because of work and labor performed thereon and that he therefore had a lien on the car. The evidence does not show plaintiff authorized any work to be done on this car, either in writing or otherwise, and under the statute no lien existed. [Sec. 3218, R. S. Mo. 1929; Butterworth v. Soltz, 199 Mo. App. 507, 204 S. W. 50.]

We find no error in the case and the judgment should be affirmed. It is so ordered. *Allen, P. J.,* not sitting; *Smith, J.,* concurs.