Kenneth COOPER, Appellant,

v.

YELLOW FREIGHT SYSTEM, INC., Respondent.

No. 41159.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 23, 1979.

Harold L. Whitfield, St. Louis, for appellant.

John L. Harlan, Jr., Brentwood, for respondent.

REINHARD, Presiding Judge.

Plaintiff filed this action pursuant to the Missouri Service Letter Statute, § 290.140 RSMo 1969. The action was brought against Yellow Freight System, Inc., his former employer. The court granted defendant's motion for summary judgment and entered judgment against plaintiff. Plaintiff appeals from that order.

The record reveals that plaintiff, an over the road truck driver, was dismissed by defendant after he was involved in an accident while driving a tractor trailer owned by the defendant. In a letter of June 30, 1976 to plaintiff, defendant gave as its rea-

son for plaintiff's discharge, "recklessness resulting in a serious accident while on duty." [1] In accordance with Articles 45 and 46 of the union contract, plaintiff and the union requested that his termination be reviewed by a joint state grievance committee. After conducting a hearing, the grievance committee denied the claim and sustained the defendant's discharge of plaintiff.

Plaintiff then requested a service letter from defendant as provided for in § 290.140. A service letter was issued by defendant on March 4, 1977; it gave as the reason for plaintiff's dismissal the following statement:

> You were discharged on June 30, 1976 for recklessness resulting in a serious accident while on duty. . . . Your discharge was upheld at the Missouri Kansas Grievance hearing on July 14, 1976.

After receiving the letter, plaintiff instituted this suit under § 290.140. His first amended petition alleges, *inter alia*, defendant's corporate status, plaintiff's employment with defendant, his discharge and request for a service letter, receipt of the service letter and the falseness of the service letter in violation of § 290.140. It then alleges certain damages and prays judgment against defendant for both actual and punitive damages. Defendant's answer admitted all averments in the petition except the falseness of the service letter and the resulting damages. Defendant subsequently moved for summary judgment asserting as grounds therefore that "[a]ll material issues of fact stated in the plaintiff's complaint have been determined by a final and binding arbitration between the same parties; these issues are res judicata, and plaintiff is collaterally estopped from relitigating the merits as determined by the arbitrator in a subsequent action at law." Defendant's motion for summary judgment relied upon the pleadings, admissions on file and various affidavits and exhibits filed with the motion. Plaintiff did not respond

1. Plaintiff was a member of the Teamsters Union, Local 600. At that time, the governing contract between the union and defendant pro-

vided for discharge without notice for "recklessness resulting in a serious accident while on duty."

to the defendant's motion. The court sustained the motion on defendant's theory and plaintiff appeals.

▇▇▇ The rules of law governing our review of summary judgment are well-settled. We must examine the record in the light most favorable to the party against whom the judgment was rendered and give to that party the benefit of every doubt. *Edwards v. Heidelbaugh*, 574 S.W.2d 25, 27 (Mo.App.1978). A summary judgment is appropriate only where the pleadings, depositions, admissions on file, together with any affidavits reveal that there is no genuine issue of material fact. *Id.* A genuine issue of fact preventing summary judgment exists whenever there is the slightest doubt as to the facts. *Ira E. Berry, Inc. v. American States Insurance Co.*, 563 S.W.2d 514, 516 (Mo.App.1978); *Seliga Shoe Stores, Inc. v. City of Maplewood*, 558 S.W.2d 328, 331 (Mo.App.1977). It is incumbent upon the party moving for summary judgment (in this case the defendant) to demonstrate by unassailable proof that there is no genuine issue of fact. *Edwards v. Heidelbaugh*, 574 S.W.2d at 27.

On appeal, plaintiff argues that there remains a genuine issue of fact as to the truthfulness of the reason stated in the service letter for terminating his employment. Defendant argues in response that we should affirm the trial court's ruling because this issue was decided by the arbitration committee and therefore, plaintiff is collaterally estopped from relitigating it here.

▇▇▇ The courts have on occasion, used the terms res judicata and collateral estoppel interchangeably. See *Ratermann v. Ratermann Realty and Investment Co.*, 341 S.W.2d 280, 290 (Mo.App.1960). We believe the doctrine involved in this case is that of collateral estoppel. "Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid judgment, that issue cannot again be litigated between the same parties in future litigation." *City of St. Joseph v. Johnson*, 539 S.W.2d 784, 785 (Mo.App.1976). Thus, we must determine whether the issue which

plaintiff seeks to litigate in his suit under § 290.140 is identical to the issue presented and determined at the grievance hearing.

The service letter provided by defendant stated that plaintiff was discharged for recklessness "resulting in a serious accident while on duty." Plaintiff's petition does not challenge the truthfulness of this reason, or allege that he was discharged for some other reason. Instead, it asserts that the letter was false "in that plaintiff did not drive a Yellow Freight vehicle in a reckless manner 'resulting in a serious accident while on duty.'" This issue, whether or not plaintiff was reckless, is the identical issue litigated by the two parties at the grievance committee hearing. Since the grievance committee ruled against the claim, it implicitly found that plaintiff was reckless. Therefore, we conclude that plaintiff was barred by the doctrine of collateral estoppel from relitigating this issue in his suit under § 290.140.

▇▇▇ Although this issue was decided by the grievance committee rather than a court of law, this fact should not prevent the bar of collateral estoppel from applying. *Local Freight Drivers, Local No. 208 v. Braswell Motor Freight Lines*, 422 F.2d 109, 114 (9th Cir. 1970) *cert.* denied 400 U.S. 827, 97 S.Ct. 53, 27 L.Ed.2d 56 (1970); *ACMAT Corp. v. International Union of Operating Engineers*, 442 F.Supp. 772, 783 (D.Conn. 1977). If the procedure used to settle the dispute is one of the party's own choosing, as it was here, and was a final and binding arbitration between the parties, the courts may not relitigate facts determined in the arbitration proceeding. *Drivers Union v. Riss and Co.*, 372 U.S. 517, 519, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963). Our Supreme Court recognized in *Grubb v. Leroy L. Wade and Son, Inc.*, 384 S.W.2d 528 (Mo.1964) that a right of action granted by state law may be subject to the estoppel effects of a prior and binding arbitration. In *Grubbs*, the plaintiffs, five members of the Teamsters Union, had unsuccessfully prosecuted claims before the grievance committee as provided in their contract. They then filed suit in common law conspiracy and for breach of

contract. The Supreme Court held that the adverse decision of the grievance committee constituted a final and binding decision preventing their prosecutions in state court of these causes of action.

 Here, the contract between the two parties furnished a specific procedure for resolving disputes between the union and employer.[2] As a party to the contract, plaintiff was clearly within his rights to invoke the grievance procedure mechanism. However, having done so, he may not now relitigate that decision simply because it was unfavorable to him.

Judgment affirmed.

GUNN and CRIST, JJ., concur.

---

**2.** The contract provides in Article 45 as follows:

Section 1 Disputes shall first be taken up between the employer and the Local Union involved. Failing adjustment by these parties the following procedure shall then apply:

(a) Where a joint State Committee by a majority vote, settles a dispute, no appeal may be taken to the Joint Area Committee. Such decision shall be final and binding on both parties.