**Dorothy M. JONES, Appellant,**

**v.**

**FORD MOTOR CREDIT COMPANY,**
**Respondent.**

**No. 42257.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1980.

Raymond Howard, Jr., St. Louis, for appellant.

James E. Hawk, Jr., Clayton, for respondent.

REINHARD, Judge.

Plaintiff appeals from an order of the trial court granting a summary judgment in favor of defendant. We affirm.

In her petition, plaintiff alleged that on or about June 30, 1976, she had lawful possession of a certain Ford automobile, and that on or about that date, the defendant wrongfully took and converted this automobile. Defendant's answer denied these allegations and further stated that defendant was the holder of a Missouri Retail Installment Contract executed by one Syls Jones for the balance due on the purchase price of the automobile in question, that under the terms of this contract defendant properly repossessed and sold the automobile, and that plaintiff had no legal interest in the automobile.

Defendant subsequently filed a motion for summary judgment asserting that plaintiff did not have an interest in the property such that she could bring an action for its conversion. Defendant also filed an affidavit supporting this position. Plaintiff then filed an affidavit in which she asserted that she had been given the car as a gift by her brother, Syls Jones, who retained title to the vehicle in his own name, and that she had control and possession of the automobile until it was taken by defendant. Based upon the pleadings and affidavits, the trial court found that plaintiff had an insufficient interest in the automobile to bring an action in conversion and granted defendant's motion for summary judgment.

The standard which governs our review of summary judgments is stated in *Cooper v. Yellow Freight System, Inc.*, 589 S.W.2d 643 (Mo.App.1979):

We must examine the record in the light most favorable to the party against whom the judgment was rendered and give to that party the benefit of every doubt. A summary judgment is appro-

priate only where the pleadings, depositions, admissions on file, together with any affidavits reveal that there is no genuine issue of material fact. A genuine issue of fact preventing summary judgment exists whenever there is the slightest doubt as to the facts. It is incumbent upon the party moving for summary judgment ... to demonstrate by unassailable proof that there is no genuine issue of fact. (citations omitted.)

*Id.* at 645.

A review of the pleadings and affidavits in this case clearly reveals that we are confronted on appeal with only one issue, that issue being whether the allegations contained in plaintiff's affidavit would, if accepted as true, create in her such an interest in the Ford automobile as to enable her to bring this suit in conversion. In her affidavit, plaintiff alleged that her brother gave her the automobile as a gift shortly after its purchase, and further alleged that she had possession of the automobile at the time it was taken by defendant; she also admitted that her brother retained title to the automobile in his own name.

Plaintiff contends that there was a completed gift of the automobile from her brother to herself, and that her mere possession of the automobile was sufficient to entitle her to bring suit for its alleged conversion. In support of this argument, plaintiff relies upon cases suggesting that a plaintiff showing only possession of the property immediately prior to its taking might be entitled to bring an action for conversion. *See Pearl v. Interstate Securities Co.*, 357 Mo. 160, 206 S.W.2d 975 (Mo. banc 1947).[1] *See also, e. g., Brede Decorating, Inc. v. Jefferson Bank and Trust Co.*, 345 S.W.2d 156, 164 (Mo.1961); *Rosencranz v. Swofford Bros. Dry Goods Co.*, 175 Mo. 518, 527–29, 75 S.W. 445, 447–48 (1903); *Major v. Berg*, 95 S.W.2d 861, 862–63 (Mo. App.1936). Defendant relies upon a series

of generally more recent cases which indicate that to maintain an action for conversion the plaintiff must show not only possession or the right thereto, but must also show title to, ownership of, or some special interest in the property allegedly converted. *See Osborn v. Chandeysson Elec. Co.*, 248 S.W.2d 657, 663 (Mo.1952); *Sydney v. Coca-Cola Co.*, 569 S.W.2d 11, 13 (Mo.App.1978); *Twellman v. Lindell Trust Co.*, 534 S.W.2d 83, 97 (Mo.App.1976).

Plaintiff fails to recognize the unique status that motor vehicles occupy in our society. It is clearly established in Missouri that the transfer of the ownership of used automobiles has been placed by statute in a special category having requirements much different from those applying to the transfer of ordinary chattels, *Bordman Investment Co. v. Peoples Bank of Kansas City*, 320 S.W.2d 72, 79 (Mo.App.1958).

Section 301.210, RSMo 1978, requires, in pertinent part:

1. In the event of a sale or transfer of ownership of a motor vehicle or trailer for which a certificate of ownership has been issued the holder of such certificate shall indorse on the same an assignment thereof, with warranty of title in form printed thereon, and prescribed by the director of revenue, ... and deliver the same to the buyer at the time of the delivery to him of said motor vehicle or trailer.

.    .    .    .    .

4. It shall be unlawful for any person to buy or sell in this state any motor vehicle or trailer registered under the laws of this state, unless at the time of the delivery thereof, there shall pass between the parties such certificate of ownership with an assignment thereof, as herein provided, and the sale of any motor vehicle or trailer registered under the laws of this state, without the assignment of such cer-

---

1. We do not believe that *Pearl* actually can be read as broadly as plaintiff urges, since the court expressly stated at one point that plaintiff "could recover ... if he could show that he had *a special property or interest in the cars* which gave him the right to the possession thereof." *Id.* at 978 (emphasis added).

tificate of ownership, shall be fraudulent and void.[2]

It has been held that these statutory requirements must be rigidly enforced and absolutely complied with, *Kelso v. Kelso*, 306 S.W.2d 534, 539 (Mo.1957). It has accordingly been held that if in the course of the transfer of a used motor vehicle, the certificate of title is not assigned and delivered by the person holding it, the buyer acquires no title, legal or equitable, and the title remains in the person still holding it, *Robertson v. Central Mfgs. Mut. Ins. Co.*, 239 Mo.App. 1169, 207 S.W.2d 59, 61 (1947), even when the buyer makes full payment and receives physical delivery of possession, *Bank of Jasper v. Langsford*, 459 S.W.2d 97, 100 (Mo.App.1940). Further, in such a situation where the certificate of title has not been assigned to the buyer of the car, the person still holding the title may bring replevin to regain possession of the car. *Perkins v. Bostic*, 227 Mo.App. 352, 56 S.W.2d 155 (1933).

Although plaintiff claims to have acquired an interest in the automobile by gift from her brother, this is clearly refuted by the facts asserted in her own affidavit. To effect a valid gift, it is essential that the donor (here, plaintiff's brother) have made such disposition of the property as to put it beyond his power to repossess. *Genteman v. Sutter*, 215 S.W.2d 477, 479–80 (Mo.1948). Here, however, plaintiff acknowledges that her brother retained title to the automobile in his own name and thus could not have transferred title to her; he could, therefore, have lawfully replevied the automobile, *see Perkins v. Bostic, supra*. Since plaintiff's brother did not fully relinquish title to the property, thereby retaining power to repossess the property and preventing plaintiff from having immediate ownership, there was no gift. *Genteman v. Sutter, supra; Smith v. Smith*, 192 S.W.2d 691, 698 (Mo. App.1946).

Under these circumstances, we do not believe that plaintiff acquired an interest in the automobile sufficient to bring this ac-

tion in conversion. The trial judge therefore did not err in sustaining defendant's motion for summary judgment since the pleadings and affidavits reveal no genuine issue of material fact even in light of plaintiff's own allegations.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.

2. This statute was in effect in identical form in RSMo 1969, as well.