SOUTHWESTERN BELL TELEPHONE COMPANY, Respondent,

v.

Richard BUIE, d/b/a American Audio Center, Appellant.

No. 57034.

Missouri Court of Appeals, Eastern District, Division Three.

April 24, 1990.

Richard B. Blanke, University City, for appellant.

James A. Daugherty, Southwestern Bell Telephone Co., St. Louis, for respondent.

SMITH, Judge.

Defendant, Buie, appeals from the judgment of the trial court finding against him on his claims for breach of contract and the wrongful chargeback of commissions. The matter has been before us on two previous occasions. *Southwestern Bell Telephone Co. v. Buie,* 689 S.W.2d 848 (Mo.App.1985) (Buie I) and *Southwestern Bell Telephone Co. v. Buie,* 758 S.W.2d 157 (Mo.App.1988) (Buie II).

The issues before us arise from a counterclaim filed by Buie to a petition by Bell seeking damages for breach of contract. Count III of that counterclaim sought recovery against Bell for an alleged wrongful suspension of Buie as a directory representative of Bell and for allegedly improper chargebacks of commissions earned by Buie. The suspension issue had been decided adversely to Buie in arbitration proceedings pursuant to Buie's union contract.

In Buie I and II we held that defendant had stated a cause of action under Count III based upon his allegations that his union had unfairly represented him in his arbitration proceeding. *See, Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). We additionally held in both Buie cases that Southwestern Bell had failed to plead (Buie I) or inadequately pled (Buie II) the statute of limitations invoked by Bell. In Buie II we reversed a judgment on Count III in Buie's favor on instructional grounds. Both the suspension and the chargeback were based upon Bell's conclusion that Buie, as an advertising directory salesman, had, contrary to company policy, improperly sold advertising to customers not assigned to him by aggregating those customers with customers which were assigned to him. This aggregation was based upon Buie's contention of common

ownership which did not in fact exist. The suspension claim was, pursuant to union contract, submitted to arbitration. The arbitrator found that Buie did, contrary to company policy, aggregate certain accounts resulting in him receiving commissions to which he was not entitled. The arbitrator upheld the suspension. He further stated: "The Company charged back $11,800 of the grievant's commissions arising out of these accounts. These chargebacks are not an issue in this arbitration proceeding. The grievance does not ask for a return of the commissions." The arbitrator's award was dated February 25, 1983.

On August 5, 1983, Bell filed its petition against Buie seeking to recover $11,057.15 in an entirely different transaction. Buie, as the owner of a stereo and video store, had contracted with Bell for yellow pages advertising for the store. He did not pay the amount called for in the contract. On February 14, 1984, Buie filed his answer and counterclaim. That counterclaim contained five counts. Counts I, IV and V, have been previously disposed of and are not involved herein. See Buie I and II. Count II was a compulsory counterclaim based on breach of the advertising contract by Bell. Buie's display ad included a map showing the store's location. The ad itself in very large print correctly identified the business as American Audio Center Inc. The map, in small print, identified the store as American Auto. Buie alleged that this misidentification rendered the ad ineffective resulting in lost profits of $110,000. On trial of Bell's suit the trial court instructed the jury on "substantial performance." It further gave an instruction that if it found for Bell it must award Bell "such sum as you believe is the balance due plaintiff under the contract less any sum necessary to correct any variations." The jury returned a verdict for Bell of $3,552.79. The court directed a verdict on Buie's Count II on the basis that he had established no damages. Subsequently the trial court granted Buie a new trial on Count II on the basis that if the breach occurred Buie was entitled to some damages, at least nominal. The award of a new trial was not involved in the two prior appeals.

Upon remand following Buie II the case was submitted to the trial court without a jury on the transcript of the previous jury trial. The plaintiff was allowed to file an amended answer to the counterclaim identifying the statute of limitations as to Count III as Sec. 10(b) of the National Labor Relations Act (29 U.S.C.A. Section 160(b)). The trial court entered judgment for plaintiff on defendant's counterclaim. In a memorandum containing findings of fact and conclusions of law the court found (1) that Counts II and III of the counterclaim were barred by Sec. 10(b), (2) that defendant failed to present a submissible case on either count, (3) that plaintiff's treatment of defendant was fair and reasonable, (4) that defendant presented no creditable (sic) evidence that the defendant's union failed to fairly represent him, and (5) that inclusion of his Count II claim for damages in his Count III claim includes the chargeback issue amounts and effectively brings it within the provisions of the Collective Bargaining Agreement and the effective statute of limitations.

■ The conclusion as to Count II being barred by Sec. 10(b) found in the first and fifth conclusions is patently erroneous as Count II involved the entirely separate contract claim which was unrelated to defendant's employment. However, for reasons not contained in the court's memorandum and essentially unaddressed in the parties' briefs we find the judgment entered is correct and we affirm.

■ We deal first with Count II. It is defendant's contention that he is entitled to at least nominal damages on that count and the judgment denying him relief thereon is therefore erroneous. He has already received from the jury whatever damages he sustained as a result of the incorrect designation in the advertisement. The judgment in favor of plaintiff on its contract claim, which was not appealed, was based on an instruction which fully advised the jury of the concept of substantial performance by Bell. To find for Bell, as the jury did, it was necessary for the jury to find that the

variation in the advertisement did not place Bell in breach of the contract and that Bell substantially performed. The damage instruction further required the jury to set-off against the balance due to Bell the amount "necessary to correct any variations", which would include the erroneous designation of "American Auto" on the map. Both the issue of breach and damages for the variation were determined in the suit by plaintiff. Count II of the counterclaim was fully resolved by that judgment.

We turn to Count III. As initially filed it sought money damages for defendant's suspension and for the allegedly improper chargebacks. On appeal defendant premises error only on the denial of the chargebacks, conceding that the arbitration proceeding has resolved the suspension issue and that the statute of limitations precludes retrial of that issue. In its reply to defendant's counterclaim Bell asserted as an affirmative defense that Count III "is barred by virtue of defendant's prior grievance and arbitration of the subject matter thereof."

■ Under *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) hybrid actions, such as this, alleging breach of a provision of the collective bargaining agreement by the employer and breach by the union of its duty of fair representation by mishandling the grievance and arbitration proceedings is governed by the six month statute of limitations contained in 29 U.S.C.A. Sec. 160(b). Defendant did not file his counterclaim until well after the end of the six month period. He therefore lost his opportunity to challenge the findings and conclusions determined in the arbitration award. Those findings, conclusions, and the award are final and unassailable.

■ The award ruled specifically on the suspension issue only. The arbitrator stated that the chargebacks were not an issue in the arbitration proceeding because the grievance did not ask for return of the commissions. Defendant's counterclaim alleged that both the suspension and the chargebacks were based upon the false accusation that defendant had improperly associated the accounts. His grievance was based upon the same factual ground. The arbitrator found that defendant was aware of the company policy, that he violated that policy, that in so doing he received commissions to which he was not entitled and that other directory representatives were deprived of commissions they might have earned. These operative facts are the same operative facts upon which defendant's counterclaim must be decided. The facts necessary to his recovery on the counterclaim have been decided against him in the arbitration proceeding.

In *Cooper v. Yellow Freight System*, 589 S.W.2d 643 (Mo.App.1979) [5, 6], we held that a fact issue resolved in a labor grievance proceeding barred relitigation of that fact issue in a proceeding in a court of law. Defendant invoked the grievance procedure and received a final award based upon factual findings. He may not now relitigate those facts because they were unfavorable to him. *Id.* [7]. By failing to bring this lawsuit within the time constraints enunciated in *DelCostello, supra*, defendant allowed the arbitration award to become final and binding. He may not now attack that award in this collateral suit. The facts necessary to his recovery of the charged back commissions have been resolved against him and he is bound by that determination. The court's judgment on Count III was proper.

Judgment affirmed.

SATZ, P.J., and GRIMM, J., concur.