Clifford PRATT, Plaintiff/Appellant,

v.

PURCELL TIRE AND RUBBER CO.,
INC., Defendant/Respondent.

No. 61698.

Missouri Court of Appeals,
Eastern District, Division Four.

Jan. 26, 1993.

Garry Seltzer, Murphy & Seltzer, Clayton, for plaintiff/appellant.

Thomas M. Hanna, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, for defendant/respondent.

CRANE, Judge.

Plaintiff filed a suit for damages and other relief against his former employer alleging he was denied reinstatement in retaliation for filing a workers' compensation claim in violation of § 287.780 RSMo 1986. Employer filed a motion for summary judgment on the ground that an arbitrator's award in favor of employer was *res judicata* and precluded a civil action on this claim. The trial court granted the motion. Plaintiff appeals, asserting that his state law tort claim survives as a result of the Supreme Court's decision in *Lingle v. Norge Div. of Magic Chef,* 486 U.S. 399, 410, 108 S.Ct. 1877, 1883, 100 L.Ed.2d 410, 421 (1988). *Lingle* held that if a state retaliatory discharge claim does not require interpretation of the collective bargaining agreement, an employee may pursue the state court claim. We find *Lingle* is inap-

plicable to this case. We affirm on the grounds that the arbitration award has determined the ultimate facts in the state court claim, which precludes the parties from relitigating those facts, and, under the facts as so determined, employer is entitled to judgment as a matter of law.

Plaintiff, Clifford Pratt, a union employee subject to a collective bargaining contract, worked as a tire truck serviceman for Purcell Tire and Rubber Co. from July 7, 1982 until January 11, 1990, the date he sustained an on-the-job injury. On April 6, 1990 Pratt filed a workers' compensation claim. The claim was settled on August 29, 1990 with a finding that Pratt had sustained a 40% permanent partial disability. On approximately October 8, 1990, Pratt asked Purcell to allow him to resume work. When Purcell refused, Pratt filed a petition in state court alleging retaliation in violation of § 287.780. Pratt also filed a grievance which subsequently was submitted to arbitration under the procedure provided for in the collective bargaining agreement, which provides:

> 12.01 [I]f a grievance or dispute is not amicably adjusted in the grievance procedure ... the employee ... may submit the grievance or dispute for final and binding decision by an arbitrator....

After a hearing the independent arbitrator issued his award denying Pratt's union grievance.

In his award the arbitrator framed the issue presented as, "Did the Company unjustly refuse to permit Mr. Clifford Pratt to return to his job position following his work injury?" The arbitrator accepted the medical opinion of the examining doctors that Pratt was not physically capable of performing and could not safely perform his former job which required him to remove and replace heavy, large truck tires. The arbitrator further found: 1) the company went to considerable effort and expense to ascertain Pratt's medical well-being to determine if he was capable of returning to work; 2) the company had no obligation to restructure a job position to accommodate Pratt's physical limitations; 3) the use of tools or equipment which might offset the

heavy lifting would only partially reduce the stress and strain inherent in the job; and 4) there was a high likelihood that Pratt would permanently disable himself if he returned to his former job. In conclusion, the arbitrator found "no contractual violation or any effort by the Company to arbitrarily or capriciously discriminate against Mr. Pratt."

After the entry of this award, Purcell filed a motion for summary judgment in the state court action asserting that the arbitrator's award was *res judicata*. The trial court granted the motion and entered judgment in favor of Purcell. Pratt appeals from this judgment.

Summary judgment is available when the pleadings, depositions, admissions and affidavits filed show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Claybon v. Midwest Petroleum Co.*, 819 S.W.2d 742, 743 (Mo.App.1991). In reviewing an order granting summary judgment, we view the evidentiary record in the light most favorable to the party against whom the judgment was entered, determine if any genuine issue of material fact exists which would require trial, and determine if the judgment is correct as a matter of law. *Id.*

For his first point Pratt asserts that the trial court erred in granting summary judgment "because an adverse arbitration decision is limited to interpreting the terms of the collective bargaining agreement." He further asserts that "[c]ompulsory arbitration does not and cannot consider questions of state law tort remedies that do not require interpretation of a collective bargaining agreement."

Pratt argues that *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) permits his retaliation claim to go forward independent of the arbitrator's award. In *Lingle* the U.S. Supreme Court held that as long as a state retaliatory discharge claim does not require interpretation of the collective bargaining agreement, an employee may pursue a state court claim. *Id.* at 410, 108 S.Ct. at

1883, 100 L.Ed.2d at 421. We do not find that *Lingle* affects the result in this case.

In *Lingle* the petitioner was discharged by her employer for filing an allegedly false workers' compensation claim. Her union filed a grievance pursuant to a collective bargaining agreement that protected employees from discharge except for "just" cause. Petitioner had also filed an action against her employer in the Illinois circuit court alleging that she had been discharged for exercising her rights under the Illinois workers' compensation laws. After removing the action to federal court, the employer moved to dismiss on the grounds that the action was preempted by § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, or, alternatively, to stay the action pending completion of the arbitration. The district court dismissed the action and the court of appeals affirmed. On certiorari the Supreme Court reversed and held that § 301 did not preempt application of state law unless such application required the interpretation of a collective bargaining agreement. 486 U.S. at 413, 108 S.Ct. at 1885, 100 L.Ed.2d at 423. Accordingly § 301 did not preempt a tort claim for retaliatory discharge in Illinois because the elements and defense of such a claim pertain to a resolution of the conduct of the employee and the conduct and motivation of the employer and do not require a court to interpret any term of a collective bargaining agreement. *Id.* at 407, 108 S.Ct. at 1882, 100 L.Ed.2d at 419.

The Eighth Circuit Court of Appeals has applied *Lingle* to the Missouri workers' compensation statute, holding that a claim under § 287.780 for discharge for exercising rights under the workers' compensation law is not preempted by § 301 and may proceed independently. *Wolfe v. Central Mine Equip. Co.*, 850 F.2d 469, 470 (8th Cir.1988). In *Cook v. Hussmann Corp.* (Mo. banc 1993) (No. 75142) (April 30, 1993), 1993 WL 121810, the Supreme Court applied *Lingle* to hold that § 287.780 creates an independent tort action for retaliatory discharge which can be pursued without first resorting to the permissive grievance procedures established in a collective bargaining agreement.

 The present case, however, presents a situation not covered by *Lingle, Wolfe,* or *Cook.* This case does not turn on federal preemption or exhaustion of grievance procedures. Rather the issue is, assuming Pratt has an independent tort action for retaliatory discharge, whether that action is subject to the operation of collateral estoppel where an arbitrator has adjudicated the reason for the discharge.[1] We hold that it is. Collateral estoppel operates to prevent a party or its privies from relitigating facts or questions at issue between the same parties which have been previously adjudicated upon the merits. *Peoples–Home Life Ins. Co. v. Haake,* 604 S.W.2d 1, 8 (Mo.App.1980). "This rule holds regardless of whatever form the issues might take in a subsequent action, or whether upon the same or different cause of action." *Id.*

 In this case the parties had submitted their dispute to arbitration. The arbitrator framed the issue as whether Purcell had unjustly refused to permit Pratt to return to work following his injury. In his final award he found that Purcell had justifiably refused to reinstate Pratt because of his physical inability to perform the job and had not arbitrarily or capriciously discriminated against Pratt.

Pratt's cause of action was based on § 287.780, which provides:

No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

---

1. The trial court entered judgment on the grounds of *res judicata.* These terms have on occasion been used interchangeably by the courts. *Cooper v. Yellow Freight System,* 589 S.W.2d 643, 645 (Mo.App.1979). Regardless of the theory enunciated by the trial judge, we may affirm if the judgment is sustainable as a matter of law under any theory. *Claybon,* 819 S.W.2d at 744.

His claim was premised on the following allegation:

7. That Defendant refused to permit Plaintiff to return to work at his former position. That Defendant discriminated against Plaintiff in denying him his job because Plaintiff had exercised his rights under the Missouri workers compensation law.

■ The reason Purcell had refused to reinstate Pratt was litigated by the two parties in the arbitration proceeding. Where there has been a final and binding arbitration between the parties, courts are collaterally estopped from relitigating the facts determined in the arbitration proceeding. *Cooper v. Yellow Freight System,* 589 S.W.2d 643, 645 (Mo.App.1979). Accordingly Pratt is barred by the doctrine of collateral estoppel from relitigating in his § 287.780 claim the issue of Purcell's reason for not reinstating him. The arbitrator's finding that Pratt was not reinstated due to his physical inability to do the job and not for any unjust, arbitrary or capricious reason resolves this issue of fact and Purcell is accordingly entitled to judgment as a matter of law. The trial court did not err in entering summary judgment in favor of Purcell. Point I is denied.

For his second point Pratt contends the trial court erred in "affirming" the arbitrator's decision. The arbitration award was not before the trial court for direct review. Thus there is no error to review. Point II is denied.

The judgment of the trial court is affirmed.

CARL R. GAERTNER, P.J., and CRAHAN, J., concur.