**John D. COSBY, Jr., Appellant,**

v.

**Barbara N. COSBY, Respondent.**

**No. ED 91561.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 23, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 18, 2009.

Application for Transfer Denied
Oct. 6, 2009.

797

Gary E. Brotherton, Columbia, MO, for appellant.

Kimberly D. Tyler, Bonne Terre, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The husband, John Cosby, Jr., appeals the judgment entered by the Circuit Court of Washington County dividing the parties' property and awarding attorney's fees to the wife, Barbara Cosby, following the parties' dissolution of marriage. We conclude that the trial court erred in determining an increase in value of the husband's mobile home and awarding a marital interest therein to the wife. We also conclude that the trial court erred in determining that the husband gave the Ford truck to the wife as a gift and awarding the truck to the wife as her separate property. Therefore, we render such judgment as the court ought to give, and affirm the trial court's judgment as modified.

This dissolution proceeding is before us for the second time. We liberally borrow the factual and procedural background from *Cosby v. Cosby*, 202 S.W.3d 717 (Mo. App. E.D.2006), without further citation. The parties married in March 2003 and separated the following October. They had one child born in 1985. The husband filed for dissolution shortly after separation, and the wife filed a cross-petition. After numerous discovery issues, the trial court struck the husband's pleadings, and proceeded on the wife's cross-petition as if the husband were in default. The trial court entered its judgment in January 2005 dissolving the parties' marriage and dividing the parties' property. The husband appealed. This Court affirmed the dissolution of marriage, but reversed and remanded the case for trial on all other issues.

The trial court heard the case on remand in December 2007 and entered its judgment dividing the parties' property. The trial court determined the following property was marital and awarded it to the husband.

| | |
|---|---|
| Pontoon boat, motor, and trailer | $ 3,500.00 |
| Jet ski and trailer | $ 900.00 |
| Equity in Dodge truck | $ 500.00 |
| Increase in value of the husband's 401(k) plan | $ 28,634.78 |
| Improvements to the husband's mobile home | $ 12,000.00 |
| Profit from sale of livestock | unspecified |
| Potential recovery on legal malpractice claim | unspecified |
| Personal property in the husband's possession and not set aside to the wife | unspecified |

The marital property with a specified value awarded to the husband totaled $45,534.78. Therefore, the court ordered the husband to make a marital-equalization payment of $22,767.39 to the wife, which equals half the value of the marital property awarded the husband. The trial court also awarded the wife personal property in her possession not set aside to the husband. In addition, the wife received as her separate property her entire pension, a 1998 Ford truck valued between $3,000 and $4,000, and certain items of personal property with sentimental value. The trial court

also awarded the wife attorney's fees. The husband appeals.

## Discussion

In seven points, the husband challenges the trial court's 1) alleged consideration of real property owned by the husband's son, 2) fifty-fifty division of marital property, 3) determination of increased value of the husband's mobile home and assignment of a marital interest therein, 4) award of the Ford truck to the wife as a gift, 5) failure to award an interest in the wife's pension to the husband, 6) award of $3,500 in legal fees to the wife, and 7) award of $4,000 in appellate legal fees to the wife.

We will affirm the provisions in a dissolution decree unless there is no substantial evidence to support them, they are against the weight of the evidence, or the trial court incorrectly declares or applies the law. *Woodard v. Woodard*, 201 S.W.3d 557, 560–61 (Mo.App. E.D.2006).

In his first point, the husband claims the trial court erroneously considered any increase in value of the real estate owned by the husband's adult son as the husband's separate property and used it to increase the wife's marital award. But the trial court found that the husband had no ownership interest in the real estate, and concluded that no marital interest existed therein. And we find no evidence that the trial court considered the real estate in order to increase the wife's share of the marital-property division. We deny point one.

In his second point, the husband claims the trial court abused its discretion in awarding the wife fifty percent of the marital assets. Property division should reflect the concept that marriage is a shared enterprise similar to a partnership. *Id.* at 561. The court found that the wife contributed "sweat equity" to enhancement of the mobile home and the real property on which it is located, believing that the husband owned the real estate and that her money and effort was an investment for the parties' retirement. We find no abuse of discretion in the trial court's fifty-fifty division of the marital property. We deny point two.

In point three, the husband claims the trial court abused its discretion when it determined that the wife's contribution to maintaining and improving the mobile home had increased its value by at least $12,000. Marital effort, labor, or services entitle a party to a proportionate share of the increase in value of the other party's separate property only when the proponent establishes 1) a contribution of substantial services; 2) a direct correlation between those services and the increase in value; 3) the amount of the increase in value; 4) performance of the services during the marriage; and 5) the value of the services and the lack of compensation or inadequate compensation. *Moore v. Moore*, 189 S.W.3d 627, 634 (Mo.App. W.D. 2006); *Klaus v. Klaus*, 918 S.W.2d 407, 409 (Mo.App. E.D.1996). Without proof of the value of the services rendered and the connection between their performance and increased value of the property, we will not recognize services as substantial marital effort sufficient to create a marital interest in property. *Moore*, 189 S.W.3d at 634.

Here, the trial court found that the wife contributed "sweat equity" to both the real property and the mobile home. The court concluded that the mobile home was the husband's separate property, but that the improvements, additions and repairs made to it were marital. The court then determined that the various repairs and improvements increased the mobile home's value by at least $12,000. We find no evidence in the record that the mobile home increased in value during the marriage, much less any evidence that the mobile home increased in value by $12,000 or that the wife's labor increased the mo-

bile home's value by that amount. Consequently, it was error to include a $12,000 increase in the mobile home's value in the husband's marital-property award. Likewise, it was error to use that amount in calculating the marital-equalization payment awarded the wife. We grant point three.

■ Fourth, the husband claims the trial court erred and abused its discretion in determining that the Ford truck was a gift to the wife and awarding the truck as her separate property. The husband purchased the truck shortly before the marriage, and the truck remained titled in his name.

■ We have found no Missouri case holding that a gift is complete without a transfer of title. To effect a valid gift, it is essential that the donor dispose of the property so that it is beyond his or her power to repossess. *Jones v. Ford Motor Credit Co.,* 607 S.W.2d 179, 181 (Mo.App. E.D.1980). No gift exists where the donor retains title to a vehicle, thereby retaining power to repossess it and preventing the donee from having immediate ownership. *Id.* Furthermore, the husband testified that he paid off the loan on the truck during the marriage. Property is acquired as it is paid for, and the Supreme Court has defined the term "acquired" as an ongoing process of making payments for property. *Sanders v. Sanders,* 933 S.W.2d 898, 901 (Mo.App. E.D.1996).

The trial court erred in determining that the Ford truck was a gift to the wife and in awarding it as her separate property. The truck is marital property because it was acquired with marital funds. The husband presented evidence that the truck was worth $3,000 or $4,000 in its present inoperable condition. The wife thus received marital property valued between $3,000 and $4,000. Award of the Ford

truck to the wife offsets other marital property of like value awarded to the husband, and affects calculation of the marital-equalization payment awarded the wife. We grant point four.

■ For his fifth point, the husband claims the trial court abused its discretion in finding a marital interest in the husband's pension while concluding that no marital interest existed in the wife's pension. The husband did not ask the trial court to award him any interest in the wife's retirement plan nor did he adduce any evidence of its value or of contributions made during the marriage. The only evidence presented about the wife's retirement plan consisted of her testimony that she took a $3,000 distribution when she retired after the marriage was dissolved; that she receives monthly payments of $229; and that the plan has no cash value beyond the monthly payments.[1]

■ The husband waived any interest in the wife's pension plan. Here, the husband, who was represented by counsel, did not ask for division of the wife's retirement plan, and he presented no evidence of its value. The parties have an equal burden to present evidence of the value of marital property. *Julian v. Julian,* 868 S.W.2d 182, 186–87 (Mo.App. E.D.1994). We deny point five.

■ In point six, the husband claims the trial court abused its discretion in awarding the wife $3,500 for attorney's fees for proceedings through the second trial. In his seventh point, he claims the court abused its discretion in awarding the wife $4,000 for attorney's fees on appeal. We consider these points together.

■ The trial court is an expert on the necessity, reasonableness, and value of an attorney's services, and we will reverse the trial court's ruling only where there is

---

1. The trial court found that the wife received monthly payments of $259.

a clear abuse of discretion. *In re Marriage of Maninger,* 106 S.W.3d 4, 13 (Mo. App. E.D.2003). One spouse's superior ability to pay will suffice to support an attorney's-fee award. *Id.* In addition, the trial court may consider a spouse's conduct during the marriage in making its determination. *Id.*

We find no abuse of discretion in the trial court's award of attorney's fees to the wife. Employment and tax documents filed with the court indicate that the husband's income was about twice that of the wife's during the marriage. The trial court found that "the vast majority" of the wife's attorney's fees were incurred due to the conduct of the husband and his former counsel. The court also found that the husband committed domestic violence during the marriage against both the wife and the parties' son, which directly contributed to the marriage's breakdown. We deny points six and seven.

### Conclusion

Because no evidence supports such a determination, we hold that the marital estate should not include any amount representing an increase in value of the husband's mobile home. Further, we hold that the Ford truck was not a gift to the wife, but rather is marital property worth between $3,000 and $4,000.

Missouri Supreme Court Rule 84.14 allows the appellate court to "give such judgment as the court ought to give." We do so here to avoid further costly litigation over a relatively modest marital estate. We award the wife title to the Ford truck, but as a distribution of marital property, rather than as a gift. Given our holdings, we modify the marital-equalization payment that husband is to pay wife from $22,767.39 to $15,017.39.[2] And, thus modified, we affirm the judgment.[3]

ROY L. RICHTER, P.J., and GEORGE W. DRAPER III, J., concur.

---

**2.** To reach this figure, we subtracted the $12,000 in increased value of the husband's mobile home from his marital-property award. We also subtracted $3,500 to offset the value of the Ford truck erroneously awarded the wife as a gift. The determined value of marital property awarded to the husband then totals $30,034.78, half of which is $15,017.39. The husband is ordered to make a marital-equalization payment to the wife of $15,017.39, representing half of the value of marital property awarded to him, consistent in all other respects with the trial court's judgment.

**3.** We deny all pending motions.